IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT,
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

HUGH McGINLEY, Individually, and
as Personal Representative of the Estate          Case No: 10-23608
of KEVIN P. McGINLEY, Deceased,
and GILLIAN McGINLEY,                             Division: D

                  Plaintiffs,

    v.

DENNIS E. JETTON, STEPHEN C.
MAURIELLO, MORRIS E. LEGGETT,
JAMES LEE, CHARLES C. HALL,
MAXWELL R. DEY, JAMES D. SEWELL,
JOHN R. DAVIS, WAYNE CHALU,
MARK A. OBER, RICHARD HURD,
CHRISTOPHER A. KNIGHT, DAVID
BRIERTON, RANDY M. SNOW,
DIANE MARTINEZ, JOHN CZERNIS,
LAURENCE NODA, JUDSON CHAPMAN,
DAWN CASE, and MELINDA MIGUEL,
all in their individual capacities, and CITY OF
TAMPA, FLORIDA, a Florida municipal
corporation,

                  Defendants.

_____/

## AMENDED COMPLAINT

Plaintiffs, HUGH McGINLEY, Individually, and as Personal Representative of

the Estate of KEVIN P. McGINLEY, Deceased, and GILLIAN McGINLEY, sue

Defendants, DENNIS E. JETTON, STEPHEN C. MAURIELLO, MORRIS E.

LEGGETT, JAMES LEE, CHARLES C. HALL, MAXWELL R. DEY, JAMES D.

SEWELL, JOHN R. DAVIS, WAYNE CHALU, MARK A. OBER, RICHARD HURD,

CHRISTOPHER A. KNIGHT, DAVID BRIERTON, RANDY M. SNOW, DIANE

MARTINEZ, JOHN CZERNIS, LAURENCE NODA, JUDSON CHAPMAN, DAWN

CASE, and MELINDA MIGUEL, all in their individual capacities, and CITY OF TAMPA, FLORIDA, a Florida municipal corporation, as follows:

## GENERAL ALLEGATIONS

1.    At the time of his death on February 13, 1998, KEVIN P. McGINLEY, was twenty-one (21) years of age and a lawful citizen of the United States, entitled to the rights and protections afforded by the Constitution and laws of the United States of America.

2.    Plaintiffs, the parents of KEVIN P. McGINLEY, at all times material hereto were and are lawful residents of the United States of America entitled to the rights and protections afforded by the Constitution and laws of the United States of America.

3.    Plaintiffs, HUGH McGINLEY and GILLIAN McGINLEY, are survivors of KEVIN P. McGINLEY within the meaning of the Florida Wrongful Death Act who are entitled to recover damages for the death of KEVIN P. McGINLEY.

4.    Plaintiff, HUGH McGINLEY, is the duly appointed Personal Representative of the Estate of KEVIN P. McGINLEY, Deceased, which is currently being administered in the Probate Court of the Sixth Judicial Circuit of Florida under Case No. 02-2460-ES-003. The Estate of KEVIN P. McGINLEY is entitled to recover damages under the Florida Wrongful Death Act for the wrongful death of KEVIN P. McGINLEY.

5.    On or about February 13, 1998, KEVIN P. McGINLEY, was struck on Interstate 275 in Tampa, Hillsborough County, Florida, by a tractor-trailer truck operated by UNITED PARCEL SERVICE, INC. and killed.

6.     KEVIN P. McGINLEY was intentionally pushed by one or more individuals into the path of the tractor-trailer truck operated by UNITED PARCEL SERVICE, INC., which struck and killed him. Thus, KEVIN P. McGINLEY's death proximately resulted from a criminal act committed in violation of the laws of the State of Florida.

7.     The STATE OF FLORIDA, DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, FLORIDA HIGHWAY PATROL (hereinafter referred to as "FHP"), was at all times material hereto and is an administrative agency of the State of Florida and was and is charged by the laws of the State of Florida with, *inter alia,* the investigation of traffic related fatalities within the State of Florida, and the enforcement of the criminal laws of the State of Florida.

8.     Pursuant to the obligations imposed upon it by law, FHP undertook a Traffic Homicide Investigation relating to the death of KEVIN P. McGINLEY, and prepared a Traffic Homicide Investigation (hereinafter "THI") report.

9.     Even though FHP issued its THI report, the investigation into the death of KEVIN P. McGINLEY remained open until February 2, 2009, at which time it was officially closed by FHP.

10.     Until February 2, 2009, Plaintiffs were repeatedly assured by FHP that the investigation into the death of KEVIN P. McGINLEY remained open and active.

11.     Unbeknownst to Plaintiffs, the Defendants have conducted their investigations in a grossly negligent manner, which wholly fail to comply with generally-accepted practices and standards for the conduct of such investigations.

12.    Unbeknownst to Plaintiffs, the Defendants have engaged in a pattern and practice of intentional misconduct designed to prevent the true circumstances of KEVIN P. McGINLEY'S death from being established.

13.    On or about March 23, 2009, Plaintiffs were provided a report from the Office of Professional Compliance of FHP (hereinafter "OPC"), which resulted from an internal affairs investigation of FHP officers involved in the KEVIN P. McGINLEY traffic homicide investigation.

14.    The OPC investigation, which was conducted between May 29, 2008 and February 2, 2009, was the first acknowledgement by FHP of the improper investigation conducted by FHP officers in the death of KEVIN P. McGINLEY, and first provided information from which Plaintiffs could determine that their rights had been violated, and by whom those violations were committed.

15.    On or after March 23, 2009, Plaintiffs first became aware, or should have become aware, of sufficient facts to determine that Plaintiffs' rights had been violated, that they had been injured, and to determine the parties responsible for said violations and injury.

16.    The OPC report was the first acknowledgment by FHP that the official FHP THI report contained false and inaccurate information, after previously and continuously asserting to Plaintiffs and others that the THI report was accurate.

17.    On or about February 14, 2007, Plaintiff and each Defendant became aware of JETTON's misconduct in the Nieriowski investigation, in which it became known that JETTON withheld testimony of an eyewitness and attempted to coerce a

witness into giving false testimony, while he was engaged in a sexual affair with the wife of one of the victims of the traffic death he was investigating.

18.     In spite of knowing about JETTON's aforesaid prior misconduct in 2006, the Defendants continue to accept his inaccurate report and refuse to take appropriate action to correct their official reports and to bring appropriate charges against JETTON.

19.     On     December     11,     2006,     Plaintiffs     first     obtained MAURIELLO's handwritten and typed records of his and HURD's unrecorded interview of witness, Debra Allen, which conflict with his official report of that interview.

20.     The aforesaid Debra Allen interview formed the basis of the false allegations by MAURIELLO and HURD to the Hillsborough County State Attorney's homicide committee alleging that Plaintiffs had bribed Mark Allen, a witness to the death of KEVIN P. McGINLEY.

21.     On or after December 11, 2006, Plaintiffs first became aware of evidence demonstrating deliberate intent by the Defendants to deprive Plaintiffs of their rights by intentionally and willfully failing to properly investigate the death of KEVIN P. McGINLEY, and intentionally misleading Plaintiffs and others as to the cause of KEVIN P. McGINLEY's death.

22.     Defendants intentionally and willfully concealed records and information known to them for the purpose of, or with the result that, Plaintiffs were prevented from discovering the cause of KEVIN P. McGINLEY's death and/or were mislead into believing that his death was caused by KEVIN P. McGINLEY's own actions or other forces beyond anyone's control.

23.     Defendants intentionally and willfully concealed records and information known to them for the purpose of, or with the result that, Plaintiffs were prevented from discovering the causes of action against the Defendants, herein, which requires tolling of any applicable statute of limitations.

24.     Defendants' acts, as hereafter set forth, are continuing in nature, in that Defendants continue to refuse to perform their duty to properly investigate the death of KEVIN P. McGINLEY, refuse to correct false and erroneous reports on the cause of death of KEVIN P. McGINLEY, allow knowingly false reports to stand as the official record of their agency as to the cause of death of KEVIN P. McGINLEY, refuse to bring to justice criminals responsible for the death of KEVIN P. McGINLEY, refuse to gather available evidence, and interview witnesses and suspects, pertinent to the death of KEVIN P. McGINLEY, and refuse to take appropriate action against law enforcement officers who provided false, misleading, incompetent and incomplete information about the cause of death of KEVIN P. McGINLEY.

25.     Each of the Defendants had, and continues to have, a duty in their respective offices to perform the acts described hereafter as to each such Defendant which it is alleged they have improperly failed to perform, and to refrain from such acts it has been alleged they committed improperly.

### COUNT I – DENNIS E. JETTON

26.     This is an action against Defendant, DENNIS E. JETTON, for damages in excess of $15,000.00 for violation of Plaintiffs' civil rights, pursuant to 42 U.S.C. §1983.

27.     All of the foregoing general allegations of paragraphs one through 25 are hereby re-alleged incorporated herein.

28. At all times material, Defendant, DENNIS E. JETTON (hereinafter "JETTON"), was a corporeal and a law enforcement officer employed by the Florida Highway Patrol.

29. JETTON committed the following specific acts:

A. Intentionally filed misleading reports in full knowledge that said reports misrepresented the true location of KEVIN P. McGINLEY's death;

B. Deliberately misidentified skid mark evidence at the scene by attributing the wrong tire marks to the UPS tractor-trailer, thereby wrongly identifying the location of the fatal collision and intentionally absolving the driver of that vehicle and other known individuals at the scene from any culpability in the death of KEVIN P. McGINLEY;

C. Deliberately withheld and misrepresented critical vehicle specifications for the UPS tractor-trailer that would have exposed his findings regarding the place of impact as erroneous, thereby preventing Plaintiffs from recognizing the culpability of the UPS driver and other individuals involved in KEVIN P. McGINLEY's death;

D. Failed to perform an affirmative duty by conducting a competent investigation into the circumstances and criminal acts that preceded and resulted in KEVIN P. McGINLEY's death;

E. Filed an Official Report in full knowledge that the findings and conclusions were unsupported by and inconsistent with the physical evidence at the scene and eyewitness statements, and that the report was materially and factually misleading and inaccurate, and amongst other things, intentionally misrepresented the physical evidence at the scene and eyewitness statements;

F. Gave false and conflicting testimony during a 2004 civil deposition and again during a 2009 internal affairs interview regarding his actions in misrepresenting the location of items of physical evidence at the scene, falsely attributing said misrepresentations to the actions of independent investigators present during the on-scene investigation;

G. Knowingly filed misleading reports falsely asserting the existence of physical evidence from a "hit and run" vehicle as representing evidence that supported the findings and conclusions of said reports;

H. Intentionally failed to disclose eyewitness statements that conflicted with the findings of his Traffic Homicide Investigation report;

I.     Intentionally withheld the statements and identities of witness
       "informants" from his report, thereby depriving the Plaintiffs of that
       information within the timeframe available for filing a timely wrongful
       death action;

J.     Intentionally withheld physical evidence that conflicted with the findings
       of his report;

K.     Intentionally withheld the existence of an official conflicting accident
       report from his investigation report and subsequently gave false testimony
       during a civil deposition regarding his knowledge of said accident report;

L.     Falsely represented a witness statement as being a sworn statement taken
       by himself as a law enforcement officer pursuant to Florida Statutes;

M.     Falsely asserted to Plaintiff's that he was conducting a comprehensive
       investigation into the full circumstances of KEVIN P. McGINLEY's death
       whilst intentionally failing to do so, thereby willfully obstructing the true
       circumstances of KEVIN P. McGINLEY's death from being established,
       and from being discovered by Plaintiffs;

N.     Failed to interview witnesses with relevant information regarding the true
       circumstances of KEVIN P. McGINLEY's death;

O.     Disregarded relevant and material information pertinent to the
       circumstances of KEVIN P. McGINLEY's death;

P.     Disregarded information contained in emergency calls placed to 911 and
       FHP on the night of the fatality;

Q.     Failed to act upon information of prior conflicts and altercations that
       occurred earlier and that were directly related to the circumstances of
       KEVIN P. McGINLEY's death;

R.     Wrongly dismissed and refused to consider relevant information provided
       by third parties;

S.     Fabricated and misrepresented material facts, and withheld relevant
       information;

T.     Unreasonably refused to interview important available eyewitnesses to the
       fatality in a timely manner and by so doing deliberately extended the
       duration of the investigation until after the statute of limitations for filing a
       wrongful death action had expired, thereby preventing his mishandling of

the investigation from being exposed in court and denying Plaintiffs access to the courts;

U.    Knowingly filed false reports with the intent to prevent an investigation of the criminal acts which resulted in the death of KEVIN P. McGINLEY;

V.    Failed to act upon irreconcilable conflicts and proven acts of deception by the individuals involved in KEVIN P. McGINLEY's death, and further intentionally filed a false report denying that said conflicts and deception existed;

W.   Intentionally misled Plaintiffs as to the true circumstances of KEVIN P. McGINLEY's death;

X.    Willfully allowed other agencies to rely upon the accuracy and reliability of the content, findings and conclusions contained within his report in full awareness that it was inaccurate, unsupported, misleading and withheld relevant evidence, information and witness testimony;

Y.    Failed to update his reports to reflect newly discovered evidence, information and material changes in the findings and conclusions expressed in his investigative reports;

Z.    Gave knowingly false and perjured testimony under oath during a deposition in civil wrongful death proceedings;

AA.   Falsely maintained for over eleven years that KEVIN P. McGINLEY's death was an accident that occurred in the manner described in his traffic homicide report of March 1999, the subsequent addendum report of August 2000, deposition testimony given on or around February 24, 2004 and through January 2009;

BB.   Engaged in a conspiracy with one or more other individuals acting under color of law to fabricate, manipulate, misrepresent or withhold information, evidence and/or witness testimony in an effort to obstruct the Plaintiffs from asserting civil claims against the culpable third party or parties for the wrongful death of KEVIN P. McGINLEY in a court of competent jurisdiction prior to the expiration of the applicable statute of limitations;

CC.   Engaged in a conspiracy with one or more other individuals acting under color of law to fabricate, manipulate, misrepresent or withhold information, evidence and/or witness testimony in an effort to prevent third parties criminally responsible for the death of KEVIN P. McGINLEY to be duly prosecuted for such crime or crimes through the criminal justice system;

DD.   Provided false and conflicting testimony under oath during an internal affairs investigation conducted by FHP's Office of Professional Compliance on or around January 20th 2009; and

30.   Engaged with other state law enforcement officials in a pattern and practice of misconduct designed to deprive Plaintiffs from gaining a competent and truthful investigation into the circumstances surrounding KEVIN P. McGINLEY's death, thereby depriving them of rights protected by the fourteenth amendment to the United States Constitution, which deprivation of rights continues to this day.

31.   All of the aforesaid acts of Defendant were committed willfully and maliciously, with actual malice toward Plaintiffs and/or with willful and wanton indifference to and deliberate disregard for the statutory and constitutional rights of Plaintiffs, under color of law and under color of authority as an officer or employee of the law enforcement agency by whom said Defendant was employed, and said acts deprived Plaintiffs of the privileges and immunities guaranteed to Plaintiffs as citizens of the United States by Article IV Section 2 Clause 1, Amendment V and Section I of Amendment XIV of the Constitution of the United States of America.

32.   Defendant's actions have deprived Plaintiffs access to courts, due process of law and equal protection of the law as guaranteed by Amendments V and XIV of the Constitution of the United States of America.

33.   As a direct and proximate result of the aforesaid acts of the Defendant, Plaintiffs have suffered damages, including without limitation, emotional and mental distress, pecuniary losses and expenses, and other damages.

34.   All of the aforesaid acts of the Defendant were motivated by improper motive or intent, and/or were the result of Defendant's reckless or callous indifference to

the federally protected rights of Plaintiffs, and exemplary or punitive damages should be awarded against Defendant in favor of Plaintiffs.

35.     Plaintiffs have employed the undersigned attorneys to bring and prosecute this action and are entitled to reasonable attorneys' fees from the Defendant, pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiffs demand judgment against Defendant, DENNIS E. JETTON, for damages, attorneys' fees, court costs, interest and such other and further relief to which they are entitled under law, and Plaintiffs demand trial by jury of all issues so triable.

DEMAND FOR JURY TRIAL is hereby made of all issues so triable herein.

### COUNT II – STEPHEN C. MAURIELLO

36.     This is an action against Defendant, STEPHEN C. MAURIELLO, for damages in excess of $15,000.00 for violation of Plaintiffs' civil rights, pursuant to 42 U.S.C. §1983.

37.     All of the foregoing general allegations of paragraphs one through 25 are hereby re-alleged incorporated herein.

38.     At all times material, Defendant, STEPHEN C. MAURIELLO (hereinafter "MAURIELLO "), was a lieutenant and a law enforcement officer employed by the Florida Highway Patrol, and JETTON's supervisor.

39.     MAURIELLO committed the following specific acts:

A.     Grossly failed to supervise JETTON's handling of the Traffic Homicide Investigation into the death of KEVIN P. McGINLEY;

B.     Permitted the filing of the Traffic Homicide Investigation report in full knowledge that the conclusions and findings were unsupported by and inconsistent with the physical evidence at the scene and eyewitness

statements, and that the report was materially and factually misleading and inaccurate, and amongst other things, intentionally misrepresented the physical evidence at the scene and eyewitness statements;

C.    Knowingly authorized, sanctioned and condoned JETTON's failure to investigate the circumstances and events that preceded and resulted in KEVIN P. McGINLEY's death;

D.    Knowingly authorized, sanctioned and permitted the filing of a Traffic Homicide Investigation report attributing KEVIN P. McGINLEY's death to accidental causes in full awareness that the finding of accidental death was unsupported, unreliable and erroneous;

E.    Permitted and encouraged other agencies to rely upon JETTON's findings of accidental death in full awareness that the finding of accidental death was unsupported, unreliable and erroneous;

F.    Permitted and encouraged Plaintiffs to rely upon JETTON's findings of accidental death in full awareness that the finding of accidental death was unsupported, unreliable and erroneous;

G.    Authorized, sanctioned and permitted the filing of a Traffic Homicide Investigation report in full knowledge that it misrepresented the physical evidence at the scene;

H.    Failed to take appropriate action, in accordance with applicable rules and regulations upon becoming aware of the failings, misrepresentations, factual inaccuracies, misstatements, acts of withholding and erroneous conclusions contained within the Traffic Homicide Investigation report;

I.    Failed to take appropriate actions, in accordance with applicable rules and regulations upon becoming aware of the acts of nonfeasance, misfeasance and malfeasance by JETTON during his Traffic Homicide Investigation;

J.    Authorized, sanctioned and permitted the filing of a Traffic Homicide Investigation report in full knowledge that it factually misrepresented the sworn testimony provided by witnesses during official interviews;

K.    Filed official reports that intentionally misrepresented both physical evidence and witness testimony;

L.    Failed to update or require the Traffic Homicide Investigation report to be updated to reflect newly discovered facts and information that were brought to his attention over the course of time and which conflicted with the findings and conclusions of the Traffic Homicide Investigation report;

M.    Failed to interview or require interviews to be conducted on witnesses with relevant information regarding the true circumstances of KEVIN P. McGINLEY's death;

N.    Failed to take appropriate action to establish how and why there were two seriously conflicting accident reports regarding the location where KEVIN P. McGINLEY was struck and killed and the location of the vehicles and individuals known to be involved in KEVIN P. McGINLEY's death;

O.    Conspired with JETTON to withhold the existence of these conflicting reports from other reviewing agencies and senior FHP personnel;

P.    Deliberately withheld evidence in violation of Florida laws, and continued to withhold said evidence after being directly ordered to produce it in accordance with Florida laws;

Q.    Withheld information contained in emergency calls to 911 and FHP, and further withheld and continues to withhold records of said information in contravention of Florida laws;

R.    Conspired with JETTON to withhold the existence of physical evidence from the Traffic Homicide Investigation report that he knew conflicted with the official findings;

S.    Intentionally misled Plaintiffs as to the true circumstances of KEVIN P. McGINLEY's death;

T.    Failed to act upon newly discovered facts and information relevant to the true circumstances of KEVIN P. McGINLEY's death and the criminal culpability of individuals involved in said death, which were brought to his attention over the course of time and which conflicted with the official findings and conclusions of the Traffic Homicide Investigation report;

U.    In conjunction with the Hillsborough State Attorney's office, failed to respond to, or take other appropriate action, upon being advised by legal counsel that one of the individuals involved in KEVIN P. McGINLEY's death would agree to an interview on condition that he was granted immunity from prosecution;

V.    In conjunction with the Hillsborough State Attorney's office, withheld the information that the aforesaid individual had been located after fleeing the state and evading questioning for several years and was displaying clear signs of guilt, and further withheld information that the individual was currently incarcerated on other charges, thereby depriving plaintiff's from the opportunity of deposing him in connection with a wrongful death action;

W.    Deliberately withheld public record information in response to a public record request, in violation of Florida law;

X.    Gave false and conflicting testimony regarding the circumstances of KEVIN P. McGINLEY's death while under oath during a deposition taken in 2005 and again in sworn testimony given in 2009 during an internal affairs investigation;

Y.    Gave false and misleading testimony under oath during a deposition taken in 2005 by continuing to assert that KEVIN P. McGINLEY's death was accidental and that the individuals involved were merely witnesses to said death, while continuing to withhold records that were in direct conflict with his sworn testimony and showed that he did consider said individuals to be suspects in KEVIN P. McGINLEY's death;

Z.    Failed to take appropriate action, or require appropriate action to be taken, in respect of irreconcilable conflicts and proven acts of deception by the individuals involved in KEVIN P. McGINLEY's death, and further intentionally filed false reports denying that said conflicts and deception existed;

AA.   Failed to require that important available eyewitnesses to the accident were interviewed in a timely manner, and by so doing deliberately extended the duration of the investigation until after the statute of limitations for filing a wrongful death action had expired, thereby preventing his gross failure to properly supervise the investigation from being exposed in court and denying Plaintiffs access to the courts;

BB.   Knowingly gave false assurances to Plaintiffs that FHP was conducting a comprehensive investigation into the full circumstances of KEVIN P. McGINLEY's death while fully aware that no such investigation was being conducted;

CC.   Intimidated potential witnesses in an attempt to coerce them to providing inaccurate information regarding the death of KEVIN P. McGINLEY;

DD.   Knowingly filed a false report regarding the testimony of a witness with information relevant to the circumstances of KEVIN P. McGINLEY's death in a deliberate attempt to discredit an eyewitness to KEVIN P. McGINLEY's death, and further to discredit the Plaintiffs by making false and malicious allegations that they had tampered with and bribed said eyewitness;

EE.   Filed knowingly false reports alleging that Plaintiffs had engaged in acts of bribery and coercion in order to induce an eyewitness into giving false

testimony to the effect that he had witnessed KEVIN P. McGINLEY being
pushed into the path of an oncoming tractor-trailer;

FF.     Filed knowingly false reports alleging that an eyewitness had changed his
        account from his so-called original account of seeing nothing to a new and
        allegedly false account that he had witnessed KEVIN P. McGINLEY
        being pushed in front of the oncoming tractor-trailer; further, falsely
        alleged that the so-called new account had resulted from acts of
        collaboration and bribery by the Plaintiffs;

GG.     Conspired with personnel of the Hillsborough State Attorney's office and
        OBER to give false and misleading testimony regarding the
        aforementioned bribery allegations to a committee of senior assistant state
        attorneys charged with reaching a determination as to the filing of criminal
        charges in the Traffic Homicide Investigations case;

HH.     Intentionally refrained from obtaining records that he reasonably knew
        would confirm the truthfulness of the eyewitness that was the subject of
        the conspiracy to falsely accuse said eyewitness and the Plaintiffs' alleged
        acts of acts of bribery;

II.     Engaged in a conspiracy with one or more other individuals acting under
        color of law to fabricate, manipulate, misrepresent or withhold
        information, evidence and/or witness testimony in an effort to obstruct the
        plaintiff's from asserting civil claims against the culpable third party or
        parties for the wrongful death of KEVIN P. McGINLEY in a court of
        competent jurisdiction prior to the expiration of the applicable statute of
        limitations;

JJ.     Engaged in a conspiracy with one or more other individuals acting under
        color of law to fabricate, manipulate, misrepresent or withhold
        information, evidence and/or witness testimony in an effort to prevent
        third parties criminally responsible for the death of KEVIN P.
        McGINLEY from being duly prosecuted for such crime or crimes through
        the criminal justice system;

KK.     Conspired with other to operate a policy or practice of refusing to
        investigate or follow up on complaints regarding the misconduct of
        investigators charged with an affirmative duty to properly and
        competently investigate the circumstances of KEVIN P. McGINLEY's
        death; and

LL.     Engaged with other state law enforcement officials in a pattern and
        practice of misconduct designed to deprive Plaintiffs from gaining a
        competent and truthful investigation into the circumstances surrounding
        KEVIN P. McGINLEY's death, thereby depriving them of rights

protected by the Fourteenth Amendment to the United States Constitution, which deprivation of rights continues to this day.

40.     All of the aforesaid acts of Defendant were committed willfully and maliciously, with actual malice toward Plaintiffs and/or with willful and wanton indifference to and deliberate disregard for the statutory and constitutional rights of Plaintiffs, under color of law and under color of authority as an officer or employee of the law enforcement agency by whom said Defendant was employed, and said acts deprived Plaintiffs of the privileges and immunities guaranteed to Plaintiffs as citizens of the United States by Article IV Section 2 Clause 1, Amendment V and Section I of Amendment XIV of the Constitution of the United States of America.

41.     Defendant's actions have deprived Plaintiffs access to courts, due process of law and equal protection of the law as guaranteed by Amendments V and XIV of the Constitution of the United States of America.

42.     As a direct and proximate result of the aforesaid acts of the Defendant, Plaintiffs have suffered damages, including without limitation, emotional and mental distress, pecuniary losses and expenses, and other damages.

43.     All of the aforesaid acts of the Defendant were motivated by improper motive or intent, and/or were the result of Defendant's reckless or callous indifference to the federally protected rights of Plaintiffs, and exemplary or punitive damages should be awarded against Defendant in favor of Plaintiffs.

44.     Plaintiffs have employed the undersigned attorneys to bring and prosecute this action and are entitled to reasonable attorneys' fees from the Defendant, pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiffs demand judgment against Defendant, STEPHEN C. MAURIELLO, for damages, attorneys' fees, court costs, interest and such other and further relief to which they are entitled under law, and Plaintiffs demand trial by jury of all issues so triable.

DEMAND FOR JURY TRIAL is hereby made of all issues so triable herein.

## COUNT III – MORRIS E. LEGGETT

45.     This is an action against Defendant, MORRIS E. LEGGETT, for damages in excess of $15,000.00 for violation of Plaintiffs' civil rights, pursuant to 42 U.S.C. §1983.

46.     All of the foregoing general allegations of paragraphs one through 25 are hereby re-alleged incorporated herein.

47.     At all times material, Defendant, MORRIS E. LEGGETT (hereinafter "LEGGETT"), was a major and a law enforcement officer employed by the Florida Highway Patrol, and supervisor of JETTON and MAURIELLO.

48.     LEGGETT committed the following specific acts:

A.     Grossly failed to properly supervise the Traffic Homicide Investigation into the death of KEVIN P. McGINLEY;

B.     Authorized, sanctioned and condoned the filing of the Traffic Homicide Investigation report in full knowledge that the conclusions and findings were unsupported by and inconsistent with the physical evidence at the scene and eyewitness statements, and that the report was materially and factually misleading and inaccurate;

C.     Upon becoming aware of said factual inaccuracies and erroneous conclusions contained in the Traffic Homicide Investigation Report, and that the determination regarding the manner of KEVIN P. McGINLEY's death was unsupported, inconclusive and unreliable, continued to assure Plaintiffs that the Report was accurate and that KEVIN P. McGINLEY's death occurred as described therein;

D.    Continued to retain JETTON as the lead investigator long after becoming aware that he was in violation of his duties and responsibilities to conduct a thorough competent investigation to properly and fully establish the circumstances surrounding KEVIN P. McGINLEY's death and to establish any criminal violations that contributed to or caused Kevin's death;

E.    Actively condoned JETTON's failure to conduct a thorough and competent investigation into all the circumstances surrounding and resulting in KEVIN P. McGINLEY's death, long after becoming aware that no such investigation was being conducted;

F.    Conspired with other to operate a policy or practice of refusing to investigate or follow up on complaints regarding the misconduct of investigators charged with an affirmative duty to properly and competently investigate the circumstances of KEVIN P. McGINLEY's death;

G.    Failed to require that important available eyewitnesses to the accident were interviewed in a timely manner, and by so doing deliberately extended the duration of the investigation until after the statute of limitations for filing a wrongful death action had expired, thereby preventing his gross failure to properly supervise the investigation from being exposed in court and denying Plaintiffs access to the courts;

H.    Actively defended JETTON's improper conduct in the investigation long after becoming aware of his abject failure to perform the duties required of him;

I.     Failed to initiate an internal affairs investigation into obvious acts of nonfeasance, misfeasance and possible malfeasance by investigators under his direct command;

J.     Continued to give false assurances to Plaintiffs, long after the Traffic Homicide Investigation report was submitted, that the Traffic Homicide Investigation was an active ongoing thorough investigation being conducted with an open mind, and that the investigation was continuing to pursue all pertinent leads and was continuing to attempt to locate all witnesses in an effort to determine any criminal acts that may have caused or contributed to KEVIN P. McGINLEY's death;

K.    Falsely assured Plaintiffs that any new valid information brought to FHP's attention would continue to be investigated;

L.   Permitted and encouraged other agencies to rely upon JETTON's findings of accidental death in full awareness that the finding of accidental death was unsupported, unreliable and erroneous;

M.   By refusing to relinquish or share jurisdiction of the investigation with City or County law enforcement agencies trained, equipped and experienced in the investigation of suspicious deaths, prevented Plaintiffs from gaining a proper and competent investigation into the circumstances of KEVIN P. McGINLEY's death;

N.   Engaged in a conspiracy with one or more other individuals acting under color of law to deprive Plaintiffs of a competent and credible investigation into the full circumstances of KEVIN P. McGINLEY's death, thereby preventing Plaintiffs from asserting civil claims against the culpable third party or parties for the wrongful death of KEVIN P. McGINLEY in a court of competent jurisdiction prior to the expiration of the applicable statute of limitations;

O.   Engaged in a conspiracy with one or more other individuals acting under color of law to deprive Plaintiffs of a competent and credible investigation into the full circumstances of KEVIN P. McGINLEY's death, thereby preventing third parties criminally responsible for the death of KEVIN P. McGINLEY from being duly prosecuted for such crime or crimes through the criminal justice system;

P.   Engaged with other State law enforcement officials in a pattern and practice of misconduct designed to deprive Plaintiffs from gaining a competent and truthful investigation into the circumstances surrounding KEVIN P. McGINLEY's death, thereby depriving them of rights protected by the Fourteenth Amendment to the United States Constitution, which deprivation of rights continues to this day.

49.   All of the aforesaid acts of Defendant were committed willfully and maliciously, with actual malice toward Plaintiffs and/or with willful and wanton indifference to and deliberate disregard for the statutory and constitutional rights of Plaintiffs, under color of law and under color of authority as an officer or employee of the law enforcement agency by whom said Defendant was employed, and said acts deprived Plaintiffs of the privileges and immunities guaranteed to Plaintiffs as citizens of the

United States by Article IV Section 2 Clause 1, Amendment V and Section I of Amendment XIV of the Constitution of the United States of America.

50.     Defendant's actions have deprived Plaintiffs access to courts, due process of law and equal protection of the law as guaranteed by Amendments V and XIV of the Constitution of the United States of America.

51.     As a direct and proximate result of the aforesaid acts of the Defendant, Plaintiffs have suffered damages, including without limitation, emotional and mental distress, pecuniary losses and expenses, and other damages.

52.     All of the aforesaid acts of the Defendant were motivated by improper motive or intent, and/or were the result of Defendant's reckless or callous indifference to the federally protected rights of Plaintiffs, and exemplary or punitive damages should be awarded against Defendant in favor of Plaintiffs.

53.     Plaintiffs have employed the undersigned attorneys to bring and prosecute this action and are entitled to reasonable attorneys' fees from the Defendant, pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiffs demand judgment against Defendant, MORRIS E. LEGGETT, for damages, attorneys' fees, court costs, interest and such other and further relief to which they are entitled under law, and Plaintiffs demand trial by jury of all issues so triable.

DEMAND FOR JURY TRIAL is hereby made of all issues so triable herein.

## COUNT IV – JAMES LEE

54.     This is an action against Defendant, JAMES LEE, for damages in excess of $15,000.00 for violation of Plaintiffs' civil rights, pursuant to 42 U.S.C. §1983.

55.     All of the foregoing general allegations of paragraphs one through 25 are

hereby re-alleged incorporated herein.

56.     At all times material, Defendant, JAMES LEE (hereinafter "LEE"), was a

chief and a law enforcement officer employed by the Florida Highway Patrol, and

supervisor of JETTON, MAURIELLO, HALL and LEGGETT.

57.     LEE committed the following specific acts:

A.      Grossly failed to properly supervise the traffic homicide investigation into
        the death of KEVIN P. McGINLEY;

B.      Authorized, sanctioned and condoned the filing of the THI report in full
        knowledge that the conclusions and findings were unsupported by and
        inconsistent with the physical evidence at the scene and eyewitness
        statements, and that the report was materially and factually misleading and
        inaccurate;

C.      Upon becoming aware of said factual inaccuracies and erroneous
        conclusions contained in the THI Report, and that the determination
        regarding the manner of KEVIN P. MCGINLEY's death was unsupported,
        inconclusive and unreliable, continued to assure Plaintiffs that the Report
        was accurate and that KEVIN P. MCGINLEY's death occurred as
        described therein;

D.      Continued to retain JETTON as the lead investigator, long after becoming
        aware that he was in violation of his duties and responsibilities to conduct
        a thorough competent investigation to properly and fully establish the
        circumstances surrounding KEVIN P. McGINLEY's death and to
        establish any criminal violations that contributed to or caused KEVIN P.
        McGINLEY's death;

E.      Actively condoned JETTON's failure to conduct a thorough and
        competent investigation into all the circumstances surrounding and
        resulting in KEVIN P. McGINLEY's death, long after becoming aware
        that no such investigation was being conducted;

F.      Conspired with other to operate a policy or practice of refusing to
        investigate or follow up on complaints regarding the misconduct of
        investigators charged with an affirmative duty to properly and
        competently investigate the circumstances of KEVIN P. McGINLEY's
        death;

G.    Failed to require that important available eyewitnesses to the accident were interviewed in a timely manner, and by so doing deliberately extended the duration of the investigation until after the statute of limitations for filing a wrongful death action had expired, thereby preventing his gross failure to properly supervise the investigation from being exposed in court and denying Plaintiffs access to the courts;

H.    Actively defended JETTON's conduct in the investigation long after becoming aware of his abject failure to perform the duties required of him;

I.    Failed to initiate an internal affairs investigation into obvious acts of nonfeasance, misfeasance and possible malfeasance by investigators under his direct command;

J.    Continued to give false assurances to Plaintiffs long after the THI report was submitted that this was an active ongoing thorough investigation being conducted with an open mind, and that the investigation was continuing to pursue all pertinent leads and was continuing to attempt to locate all witnesses in an effort to determine any criminal acts that may have caused or contributed to KEVIN P. McGINLEY's death;

K.    Falsely assured Plaintiffs that any new valid information brought to FHP's attention would continue to be investigated;

L.    Permitted and encouraged other agencies to rely upon JETTON's findings of accidental death in full awareness that the finding of accidental death was unsupported, unreliable and erroneous;

M.    By refusing to relinquish or share jurisdiction of the investigation with City or County law enforcement agencies trained, equipped and experienced in the investigation of suspicious deaths, prevented Plaintiffs from gaining a proper and competent investigation into the circumstances of KEVIN P. McGINLEY's death;

N.    Engaged in a conspiracy with one or more other individuals acting under color of law to deprive Plaintiffs of a competent and credible investigation into the full circumstances of KEVIN P. McGINLEY's death, thereby preventing Plaintiffs from asserting civil claims against the culpable third party or parties for the wrongful death of KEVIN P. MCGINLEY in a court of competent jurisdiction prior to the expiration of the applicable statute of limitations;

O.    Engaged in a conspiracy with one or more other individuals acting under color of law to deprive the Plaintiffs of a competent and credible investigation into the full circumstances of KEVIN P. McGINLEY's death, thereby preventing third parties criminally responsible for the death

of KEVIN P. MCGINLEY from being duly prosecuted for such crime or crimes through the criminal justice system; and

P.      Engaged with other State law enforcement officials in a pattern and practice of misconduct designed to deprive Plaintiffs from gaining a competent and truthful investigation into the circumstances surrounding KEVIN P. McGINLEY's death, thereby depriving them of rights protected by the Fourteenth Amendment to the United States Constitution, which deprivation of rights continues to this day.

58.      All of the aforesaid acts of Defendant were committed willfully and maliciously, with actual malice toward Plaintiffs and/or with willful and wanton indifference to and deliberate disregard for the statutory and constitutional rights of Plaintiffs, under color of law and under color of authority as an officer or employee of the law enforcement agency by whom said Defendant was employed, and said acts deprived Plaintiffs of the privileges and immunities guaranteed to Plaintiffs as citizens of the United States by Article IV Section 2 Clause 1, Amendment V and Section I of Amendment XIV of the Constitution of the United States of America.

59.      Defendant's actions have deprived Plaintiffs access to courts, due process of law and equal protection of the law as guaranteed by Amendments V and XIV of the Constitution of the United States of America.

60.      As a direct and proximate result of the aforesaid acts of the Defendant, Plaintiffs have suffered damages, including without limitation, emotional and mental distress, pecuniary losses and expenses, and other damages.

61.      All of the aforesaid acts of the Defendant were motivated by improper motive or intent, and/or were the result of Defendant's reckless or callous indifference to the federally protected rights of Plaintiffs, and exemplary or punitive damages should be awarded against Defendant in favor of Plaintiffs.

62.     Plaintiffs have employed the undersigned attorneys to bring and prosecute this action and are entitled to reasonable attorneys' fees from the Defendant, pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiffs demand judgment against Defendant, JAMES LEE, for damages, attorneys' fees, court costs, interest and such other and further relief to which they are entitled under law, and Plaintiffs demand trial by jury of all issues so triable.

DEMAND FOR JURY TRIAL is hereby made of all issues so triable herein.

## COUNT V – CHARLES C. HALL

63.     This is an action against Defendant, CHARLES C. HALL, for damages in excess of $15,000.00 for violation of Plaintiffs' civil rights, pursuant to 42 U.S.C. §1983.

64.     All of the foregoing general allegations of paragraphs one through 25 are hereby re-alleged incorporated herein.

65.     At all times material, Defendant, CHARLES C. HALL (hereinafter "HALL"), was a colonel and a law enforcement officer employed by the Florida Highway Patrol, and supervisor of JETTON, MAURIELLO and LEGGETT.

66.     HALL committed the following specific acts:

A.      Grossly failed to properly supervise the traffic homicide investigation into the death of KEVIN P. McGINLEY;

B.      Authorized, sanctioned and condoned the filing of the THI report in full knowledge that the conclusions and findings were unsupported by and inconsistent with the physical evidence at the scene and eyewitness statements, and that the report was materially and factually misleading and inaccurate;

C.      Upon becoming aware of said factual inaccuracies and erroneous conclusions contained in the THI Report, and that the determination regarding the manner of KEVIN P. MCGINLEY's death was unsupported, inconclusive and unreliable, continued to assure Plaintiffs that the Report

was accurate and that KEVIN P. MCGINLEY's death occurred as
described therein;

D.  Continued to retain JETTON as the lead investigator, long after becoming
aware that he was in violation of his duties and responsibilities to conduct
a thorough competent investigation to properly and fully establish the
circumstances surrounding KEVIN P. McGINLEY's death and to
establish any criminal violations that contributed to or caused KEVIN P.
McGINLEY's death;

E.  Actively condoned JETTON's failure to conduct a thorough and
competent investigation into all the circumstances surrounding and
resulting in KEVIN P. McGINLEY's death, long after becoming aware
that no such investigation was being conducted;

F.  Conspired with other to operate a policy or practice of refusing to
investigate or follow up on complaints regarding the misconduct of
investigators charged with an affirmative duty to properly and
competently investigate the circumstances of KEVIN P. McGINLEY's
death;

G.  Failed to require that important available eyewitnesses to the accident
were interviewed in a timely manner, and by so doing deliberately
extended the duration of the investigation until after the statute of
limitations for filing a wrongful death action had expired, thereby
preventing his gross failure to properly supervise the investigation from
being exposed in court and denying Plaintiffs access to the courts;

H.  Actively defended JETTON's conduct in the investigation long after
becoming aware of his abject failure to perform the duties required of him;

I.  Failed to initiate an internal affairs investigation into obvious acts of
nonfeasance, misfeasance and possible malfeasance by investigators under
his direct command;

J.  Continued to give false assurances to Plaintiffs, long after the THI report
was submitted, that this was an active ongoing thorough investigation
being conducted with an open mind, and that the investigation was
continuing to pursue all pertinent leads and was continuing to attempt to
locate all witnesses in an effort to determine any criminal acts that may
have caused or contributed to KEVIN P. McGINLEY's death;

K.  Falsely assured Plaintiffs that any new valid information brought to FHP's
attention would continue to be investigated;

L.    Falsely asserted that FHP had in fact requested and utilized the active assistance of Tampa Police Department in investigating the circumstances of KEVIN P. McGINLEY's death;

M.    Permitted and encouraged other agencies to rely upon JETTON's findings of accidental death, in full awareness that the finding of accidental death was unsupported, unreliable and erroneous;

N.    By refusing to relinquish or share jurisdiction of the investigation with City or County law enforcement agencies trained, equipped and experienced in the investigation of suspicious deaths, prevented Plaintiffs from gaining a proper and competent investigation into the circumstances of KEVIN P. McGINLEY's death;

O.    Engaged in a conspiracy with one or more other individuals acting under color of law to deprive the Plaintiffs of an investigation into the criminal acts that resulted in KEVIN P. McGINLEY's death, thereby preventing Plaintiffs from asserting civil claims against the culpable third party or parties for the wrongful death of KEVIN P. MCGINLEY in a court of competent jurisdiction prior to the expiration of the applicable statute of limitations;

P.    Engaged in a conspiracy with one or more other individuals acting under color of law to deprive the Plaintiffs of an investigation into the criminal acts that resulted in KEVIN P. McGINLEY McGinley's death, thereby preventing the third parties criminally responsible for the death of KEVIN P. MCGINLEY from being duly prosecuted for such crime or crimes through the criminal justice system; and

Q.    Engaged with other State law enforcement officials in a pattern and practice of misconduct designed to deprive Plaintiffs from gaining a competent and truthful investigation into the circumstances surrounding KEVIN P. McGINLEY's death, thereby depriving them of rights protected by the Fourteenth Amendment to the United States Constitution, which deprivation of rights continues to this day.

67.    All of the aforesaid acts of Defendant were committed willifully and maliciously, with actual malice toward Plaintiffs and/or with willful and wanton indifference to and deliberate disregard for the statutory and constitutional rights of Plaintiffs, under color of law and under color of authority as an officer or employee of the law enforcement agency by whom said Defendant was employed, and said acts deprived

Plaintiffs of the privileges and immunities guaranteed to Plaintiffs as citizens of the United States by Article IV Section 2 Clause 1, Amendment V and Section I of Amendment XIV of the Constitution of the United States of America.

68.     Defendant's actions have deprived Plaintiffs access to courts, due process of law and equal protection of the law as guaranteed by Amendments V and XIV of the Constitution of the United States of America.

69.     As a direct and proximate result of the aforesaid acts of the Defendant, Plaintiffs have suffered damages, including without limitation, emotional and mental distress, pecuniary losses and expenses, and other damages.

70.     All of the aforesaid acts of the Defendant were motivated by improper motive or intent, and/or were the result of Defendant's reckless or callous indifference to the federally protected rights of Plaintiffs, and exemplary or punitive damages should be awarded against Defendant in favor of Plaintiffs.

71.     Plaintiffs have employed the undersigned attorneys to bring and prosecute this action and are entitled to reasonable attorneys' fees from the Defendant, pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiffs demand judgment against Defendant, CHARLES C. HALL, for damages, attorneys' fees, court costs, interest and such other and further relief to which they are entitled under law, and Plaintiffs demand trial by jury of all issues so triable.

DEMAND FOR JURY TRIAL is hereby made of all issues so triable herein.

## COUNT VI – MAXWELL R. DEY

72.     This is an action against Defendant, MAXWELL R. DEY, for damages in

excess of $15,000.00 for violation of Plaintiffs' civil rights, pursuant to 42 U.S.C. §1983.

73.     All of the foregoing general allegations of paragraphs one through 25 are

hereby re-alleged incorporated herein.

74.     At all times material, Defendant, MAXWELL R. DEY (hereinafter

"DEY"), was a law enforcement officer employed by the Florida Department of Law

Enforcement.

75.     DEY committed the following specific acts:

A.      Willfully failed to perform an affirmative duty by conducting an
        investigation into the circumstances and criminal acts that preceded and
        resulted in KEVIN P. McGINLEY's death;

B.      Willfully failed to seek and obtain information or evidence that he
        reasonably knew would conflict with the official findings of accidental
        death;

C.      Falsely asserted to Plaintiffs that he was conducting a thorough
        investigation into all the circumstances surrounding KEVIN P.
        McGINLEY's death;

D.      Defended FHP's THI investigation as thorough and complete in full
        knowledge of its inadequacies, misstatements, misrepresentations and
        erroneous conclusions with intent to deprive Plaintiffs of an investigation
        into the criminal acts that resulted in KEVIN P. McGINLEY's death;

E.      Knowingly filed a misleading report which amongst other things falsely
        asserted that there was no evidence that KEVIN P. McGINLEY was
        pushed, shoved or kept in the roadway and no evidence to show that this
        was anything other than a traffic accident involving a hit and run vehicle;

F.      Engaged in a conspiracy with other individuals acting under color of law
        to willfully deny Plaintiffs an investigation into the criminal acts which
        resulted in the death of KEVIN P. McGINLEY, thereby preventing
        Plaintiffs from asserting civil claims against the culpable third party or
        parties for the wrongful death of KEVIN P. MCGINLEY in a court of

competent jurisdiction prior to the expiration of the applicable statute of limitations;

G.   Engaged in a conspiracy with one or more other individuals acting under color of law to deprive the Plaintiffs of an investigation into the criminal acts that resulted in KEVIN P. McGINLEY's death, thereby preventing the third parties criminally responsible for the death of KEVIN P. MCGINLEY from being duly prosecuted for such crime or crimes through the criminal justice system;

H.   Engaged with other State law enforcement officials in a pattern and practice of misconduct designed to deprive Plaintiffs from gaining a competent and truthful investigation into the circumstances surrounding KEVIN P. McGINLEY's death, thereby depriving them of rights protected by the Fourteenth Amendment to the United States Constitution, which deprivation of rights continues to this day.

76.   All of the aforesaid acts of Defendant were committed willfully and maliciously, with actual malice toward Plaintiffs and/or with willful and wanton indifference to and deliberate disregard for the statutory and constitutional rights of Plaintiffs, under color of law and under color of authority as an officer or employee of the law enforcement agency by whom said Defendant was employed, and said acts deprived Plaintiffs of the privileges and immunities guaranteed to Plaintiffs as citizens of the United States by Article IV Section 2 Clause 1, Amendment V and Section I of Amendment XIV of the Constitution of the United States of America.

77.   Defendant's actions have deprived Plaintiffs access to courts, due process of law and equal protection of the law as guaranteed by Amendments V and XIV of the Constitution of the United States of America.

78.   As a direct and proximate result of the aforesaid acts of the Defendant, Plaintiffs have suffered damages, including without limitation, emotional and mental distress, pecuniary losses and expenses, and other damages.

79.     All of the aforesaid acts of the Defendant were motivated by improper motive or intent, and/or were the result of Defendant's reckless or callous indifference to the federally protected rights of Plaintiffs, and exemplary or punitive damages should be awarded against Defendant in favor of Plaintiffs.

80.     Plaintiffs have employed the undersigned attorneys to bring and prosecute this action and are entitled to reasonable attorneys' fees from the Defendant, pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiffs demand judgment against Defendant, MAXWELL R. DEY, for damages, attorneys' fees, court costs, interest and such other and further relief to which they are entitled under law, and Plaintiffs demand trial by jury of all issues so triable.

DEMAND FOR JURY TRIAL is hereby made of all issues so triable herein.

## COUNT VII – JAMES D. SEWELL

81.     This is an action against Defendant, JAMES D. SEWELL, for damages in excess of $15,000.00 for violation of Plaintiffs' civil rights, pursuant to 42 U.S.C. §1983.

82.     All of the foregoing general allegations of paragraphs one through 25 are hereby re-alleged incorporated herein.

83.     At all times material, Defendant, JAMES D. SEWELL (hereinafter "SEWELL"), was a regional commander and a law enforcement officer employed by the Florida Department of Law Enforcement (hereinafter "FDLE"), and supervisor of DEY.

84.     SEWELL committed the following specific acts:

A.      Grossly failed to properly supervise FDLE's investigation into the death of KEVIN P. McGINLEY;

B.    Authorized, sanctioned and condoned the filing of DEY's report in full knowledge that the conclusions and findings were unsupported by and inconsistent with eyewitness statements, and that the report was materially and factually misleading and inaccurate;

C.    Upon being advised of the inadequacies, factual inaccuracies and erroneous conclusions contained in the both the THI Report and the report of DEY, and that the determination regarding the manner of KEVIN P. MCGINLEY's death was unsupported, inconclusive and unreliable, continued to assure Plaintiffs that both reports were accurate and that KEVIN P. MCGINLEY's death occurred as described therein;

D.    Conspired with other to operate a policy or practice of refusing to investigate or follow up on complaints regarding the misconduct of investigators charged with an affirmative duty to properly and competently investigate the circumstances of KEVIN P. McGINLEY's death;

E.    Actively defended DEY's conduct in the investigation, long after becoming aware of his abject failure to perform the duties required of him;

F.    Having been directed by FDLE's office of Executive Investigations to respond to Plaintiffs' complaints regarding the conduct of JETTON and DEY, failed to initiate an investigation or recommend any action into obvious acts of nonfeasance, misfeasance and possible malfeasance by the investigators;

G.    Falsely assured Plaintiffs that any new valid information brought to FDLE's attention would continue to be investigated;

H.    Permitted and encouraged other agencies to rely upon DEY and JETTON's findings of accidental death in full awareness that the finding of accidental death was unsupported, unreliable and erroneous;

I.    Engaged in a conspiracy with one or more other individuals acting under color of law to deprive the Plaintiffs of a competent and credible investigation into the full circumstances of KEVIN P. McGINLEY's death, thereby preventing Plaintiffs from asserting civil claims against the culpable third party or parties for the wrongful death of KEVIN P. MCGINLEY in a court of competent jurisdiction prior to the expiration of the applicable statute of limitations;

J.    Engaged in a conspiracy with one or more other individuals acting under color of law to deprive the Plaintiffs of a competent and credible investigation into the full circumstances of KEVIN P. McGINLEY's death, thereby preventing the third parties criminally responsible for the

death of KEVIN P. MCGINLEY from being duly prosecuted for such crime or crimes through the criminal justice system; and

K.　　Engaged with other State law enforcement officials in a pattern and practice of misconduct designed to deprive Plaintiffs from gaining a competent and truthful investigation into the circumstances surrounding KEVIN P. McGINLEY's death, thereby depriving them of rights protected by the Fourteenth Amendment to the United States Constitution, which deprivation of rights continues to this day.

85.　　All of the aforesaid acts of Defendant were committed willfully and maliciously, with actual malice toward Plaintiffs and/or with willful and wanton indifference to and deliberate disregard for the statutory and constitutional rights of Plaintiffs, under color of law and under color of authority as an officer or employee of the law enforcement agency by whom said Defendant was employed, and said acts deprived Plaintiffs of the privileges and immunities guaranteed to Plaintiffs as citizens of the United States by Article IV Section 2 Clause 1, Amendment V and Section I of Amendment XIV of the Constitution of the United States of America.

86.　　Defendant's actions have deprived Plaintiffs access to courts, due process of law and equal protection of the law as guaranteed by Amendments V and XIV of the Constitution of the United States of America.

87.　　As a direct and proximate result of the aforesaid acts of the Defendant, Plaintiffs have suffered damages, including without limitation, emotional and mental distress, pecuniary losses and expenses, and other damages.

88.　　All of the aforesaid acts of the Defendant were motivated by improper motive or intent, and/or were the result of Defendant's reckless or callous indifference to the federally protected rights of Plaintiffs, and exemplary or punitive damages should be awarded against Defendant in favor of Plaintiffs.

89. Plaintiffs have employed the undersigned attorneys to bring and prosecute this action and are entitled to reasonable attorneys' fees from the Defendant, pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiffs demand judgment against Defendant, JAMES D. SEWELL, for damages, attorneys' fees, court costs, interest and such other and further relief to which they are entitled under law, and Plaintiffs demand trial by jury of all issues so triable.

DEMAND FOR JURY TRIAL is hereby made of all issues so triable herein.

## COUNT VIII – JOHN R. DAVIS

90. This is an action against Defendant, JOHN R. DAVIS, for damages in excess of $15,000.00 for violation of Plaintiffs' civil rights, pursuant to 42 U.S.C. §1983.

91. All of the foregoing general allegations of paragraphs one through 25 are hereby re-alleged incorporated herein.

92. At all times material, Defendant, JOHN R. DAVIS (hereinafter "DAVIS"), was an inspector general of the Florida Department of Highway Safety and Motor Vehicles (hereinafter "DHSMV"), which department oversees FHP.

93. DAVIS committed the following specific acts:

A. Grossly failed to investigate formal complaints regarding the conduct and or misconduct of investigators conducting the traffic homicide investigation into the death of KEVIN P. McGINLEY;

B. Actively condoned JETTON's failure to conduct a thorough and competent investigation into all the circumstances surrounding and resulting in KEVIN P. McGINLEY's death, long after becoming aware that no such investigation was being conducted;

C. Conspired with others to operate a policy or practice of refusing to investigate or follow up on complaints regarding the misconduct of investigators charged with an affirmative duty to properly and

competently investigate the circumstances of KEVIN P. McGINLEY's death;

D.   Actively defended JETTON's conduct in the investigation, long after becoming aware of his abject failure to perform the duties required of him;

E.   Failed to require an internal affairs investigation to be conducted into obvious acts of nonfeasance, misfeasance and possible malfeasance by personnel of DHSMV;

F.   Falsely asserted that FHP had in fact requested and utilized the active assistance of Tampa Police Department in investigating the circumstances of KEVIN P. McGINLEY's death;

G.   Permitted and encouraged other agencies to rely upon JETTON's findings of accidental death, in full awareness that the finding of accidental death was unsupported, unreliable and erroneous;

H.   Engaged in a conspiracy with one or more other individuals acting under color of law to deprive the Plaintiffs of an investigation into the criminal acts that resulted in KEVIN P. McGINLEY's death, thereby preventing Plaintiffs from asserting civil claims against the culpable third party or parties for the wrongful death of KEVIN P. McGINLEY in a court of competent jurisdiction prior to the expiration of the applicable statute of limitations;

I.   Engaged in a conspiracy with one or more other individuals acting under color of law to deprive the Plaintiffs of an investigation into the criminal acts that resulted in KEVIN P. McGINLEY's death, thereby preventing the third parties criminally responsible for the death of KEVIN P. McGINLEY from being duly prosecuted for such crime or crimes through the criminal justice system; and

J.   In conjunction with other State law enforcement officials, engaged in a pattern and practice designed to deprive Plaintiffs from gaining a competent and truthful investigation into the circumstances surrounding KEVIN P. McGINLEY's death, thereby depriving them of rights protected by the Fourteenth Amendment to the United State Constitution, which deprivation of rights continues to this day.

94.   All of the aforesaid acts of Defendant were committed willfully and maliciously, with actual malice toward Plaintiffs and/or with willful and wanton indifference to and deliberate disregard for the statutory and constitutional rights of

Plaintiffs, under color of law and under color of authority as an officer or employee of the law enforcement agency by whom said Defendant was employed, and said acts deprived Plaintiffs of the privileges and immunities guaranteed to Plaintiffs as citizens of the United States by Article IV Section 2 Clause 1, Amendment V and Section I of Amendment XIV of the Constitution of the United States of America.

95.     Defendant's actions have deprived Plaintiffs access to courts, due process of law and equal protection of the law as guaranteed by Amendments V and XIV of the Constitution of the United States of America.

96.     As a direct and proximate result of the aforesaid acts of the Defendant, Plaintiffs have suffered damages, including without limitation, emotional and mental distress, pecuniary losses and expenses, and other damages.

97.     All of the aforesaid acts of the Defendant were motivated by improper motive or intent, and/or were the result of Defendant's reckless or callous indifference to the federally protected rights of Plaintiffs, and exemplary or punitive damages should be awarded against Defendant in favor of Plaintiffs.

98.     Plaintiffs have employed the undersigned attorneys to bring and prosecute this action and are entitled to reasonable attorneys' fees from the Defendant, pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiffs demand judgment against Defendant, JOHN R. DAVIS, for damages, attorneys' fees, court costs, interest and such other and further relief to which they are entitled under law, and Plaintiffs demand trial by jury of all issues so triable.

DEMAND FOR JURY TRIAL is hereby made of all issues so triable herein.

### COUNT IX – WAYNE CHALU

99.     This is an action against Defendant, WAYNE CHALU, for damages in excess of $15,000.00 for violation of Plaintiffs' civil rights, pursuant to 42 U.S.C. §1983.

100.    All of the foregoing general allegations of paragraphs one through 25 are hereby re-alleged incorporated herein.

101.    At all times material, Defendant, WAYNE CHALU (hereinafter "CHALU"), was an assistant state attorney for the 13th Judicial Circuit of Florida.

102.    CHALU committed the following specific acts:

A.      Accepted the THI report with full knowledge that the conclusions and findings were unsupported by and inconsistent with eyewitness statements, and that the report was materially and factually misleading and inaccurate;

B.      Knowingly sanctioned and condoned JETTON's failure to investigate the circumstances and events that preceded and resulted in KEVIN P. McGINLEY's unlawful killing;

C.      Continued to accept and rely upon a THI report attributing KEVIN P. McGINLEY's death to accidental causes in full awareness that the finding of accidental death was unsupported, unreliable and erroneous;

D.      Permitted and encouraged other agencies to rely upon JETTON's findings of accidental death in full awareness that the finding of accidental death was unsupported, unreliable and erroneous;

E.      Permitted and encouraged Plaintiffs to rely upon JETTON's findings of accidental death, in full awareness that the finding of accidental death was unsupported, unreliable and erroneous;

F.      Failed to require that witnesses with relevant information regarding the true circumstances of KEVIN P. McGINLEY's death were interviewed;

G.      Disregarded relevant information pertinent to the circumstances of KEVIN P. McGINLEY's death;

H.      Disregarded information contained in emergency calls placed to 911 and FHP on the night of the fatality;

I.      Continued to defend the findings of the THI report, long after becoming aware that it fabricated and misrepresented material facts and witness testimony, and withheld relevant information and witness testimony that conflicted with the report's findings and conclusions;

J.      Wrongly dismissed and refused to consider relevant information provided by third parties;

K.      Continued to maintain that JETTON's investigation was thorough and competent, long after becoming aware that it was seriously deficient, unreliable, misrepresented and withheld relevant information and witness testimony and that the investigative findings were unsupported and erroneous;

L.      Condoned the failure to interview important available eyewitnesses to the fatality in a timely manner, and by so doing, deliberately extended the duration of the investigation until after the statute of limitations for filing a wrongful death action had expired;

M.      Permitted a prosecutorial determination to be made based upon the THI report when fully aware of the failings, misrepresentations, factual inaccuracies, misstatements, acts of withholding and erroneous conclusions contained within the report;

N.      Classified or permitted the status of the case file at the Hillsborough State Attorney's office to be classified as closed at a time when FHP was maintaining that it was an active ongoing investigation that had yet to reach a determination as to the cause of KEVIN P. McGINLEY's death;

O.      Accepted and condoned JETTON's failure to investigate the fighting and events that preceded KEVIN P. McGINLEY's death, having acknowledged with JETTON the distinct possibility that KEVIN P. McGINLEY's fall into the path of the tractor trailer could have resulted from an act of culpable negligence, manslaughter or murder by one of the individuals known to be present;

P.      Engaged in a conspiracy with one or more other individuals acting under color of law to deprive the Plaintiffs of an investigation into the criminal acts that resulted in KEVIN P. McGINLEY's death, thereby preventing Plaintiffs from asserting civil claims against the culpable third party or parties for the wrongful death of KEVIN P. McGINLEY in a court of competent jurisdiction prior to the expiration of the applicable statute of limitations;

Q.      Engaged in a conspiracy with one or more other individuals acting under color of law to deprive the Plaintiffs of an investigation into the criminal

acts that resulted in KEVIN P. McGINLEY's death, thereby preventing the third parties criminally responsible for the death of KEVIN P. McGINLEY from being duly prosecuted for such crime or crimes through the criminal justice system;

R.    In conjunction with other State law enforcement officials, engaged in a pattern and practice designed to deprive Plaintiffs from gaining a competent and truthful investigation into the circumstances surrounding KEVIN P. McGINLEY's death, thereby depriving them of rights protected by the Fourteenth Amendment to the United States Constitution, which deprivation of rights continues to this day.

103.    All of the aforesaid acts of Defendant were committed willfully and maliciously, with actual malice toward Plaintiffs and/or with willful and wanton indifference to and deliberate disregard for the statutory and constitutional rights of Plaintiffs, under color of law and under color of authority as an officer or employee of the law enforcement agency by whom said Defendant was employed, and said acts deprived Plaintiffs of the privileges and immunities guaranteed to Plaintiffs as citizens of the United States by Article IV Section 2 Clause 1, Amendment V and Section I of Amendment XIV of the Constitution of the United States of America.

104.    Defendant's actions have deprived Plaintiffs access to courts, due process of law and equal protection of the law as guaranteed by Amendments V and XIV of the Constitution of the United States of America.

105.    As a direct and proximate result of the aforesaid acts of the Defendant, Plaintiffs have suffered damages, including without limitation, emotional and mental distress, pecuniary losses and expenses, and other damages.

106.    All of the aforesaid acts of the Defendant were motivated by improper motive or intent, and/or were the result of Defendant's reckless or callous indifference to

the federally protected rights of Plaintiffs, and exemplary or punitive damages should be awarded against Defendant in favor of Plaintiffs.

107.    Plaintiffs have employed the undersigned attorneys to bring and prosecute this action and are entitled to reasonable attorneys' fees from the Defendant, pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiffs demand judgment against Defendant, WAYNE CHALU, for damages, attorneys' fees, court costs, interest and such other and further relief to which they are entitled under law, and Plaintiffs demand trial by jury of all issues so triable.

DEMAND FOR JURY TRIAL is hereby made of all issues so triable herein.

### COUNT X – MARK A. OBER

108.    This is an action against Defendant, MARK A. OBER, for damages in excess of $15,000.00 for violation of Plaintiffs' civil rights, pursuant to 42 U.S.C. §1983.

109.    All of the foregoing general allegations of paragraphs one through 25 are hereby re-alleged incorporated herein.

110.    At all times material, Defendant, MARK A. OBER (hereinafter "OBER"), was the state attorney for the 13th Judicial Circuit of Florida, and the supervisor of CHALU and HURD.

111.    OBER committed the following specific acts:

A.    Having initiated an investigation into both the death of KEVIN P. McGINLEY and allegations of nonfeasance, misfeasance and malfeasance by investigators responsible for the initial investigation into KEVIN P. McGINLEY's death, continued to maintain that KEVIN P. McGINLEY's death occurred in a manner entirely unsupported by and inconsistent with the physical evidence at the scene and eyewitness testimony;

B.   Conducted an investigation that grossly failed to act upon or pursue evidence and information provided to him which gave probable cause to believe that KEVIN P. McGINLEY's death resulted from an act of unlawful killing and further, that investigators had engaged in acts of nonfeasance, misfeasance and malfeasance in a deliberate effort to conceal the true circumstances of KEVIN P. McGINLEY's death from being established;

C.   Continued to rely upon the findings and conclusions contained in the initial THI investigation with full knowledge that said findings were false and misleading, misrepresented both physical evidence and witness testimony, withheld relevant information that conflicted with the report's findings, and grossly failed to investigate the criminal acts that preceded and resulted in KEVIN P. McGINLEY's death;

D.   Failed to interview witnesses with relevant information regarding the true circumstances of KEVIN P. McGINLEY's death;

E.   Disregarded relevant information pertinent to the circumstances of KEVIN P. McGINLEY's death;

F.   Disregarded information contained in emergency calls placed to 911 and FHP on the night of the fatality;

G.   Failed to act upon information of prior conflicts and altercations that occurred earlier and that were directly related to the circumstances of KEVIN P. McGINLEY's death;

H.   Wrongly dismissed and refused to consider relevant information provided by third parties;

I.   Failed to act upon irreconcilable conflicts and proven acts of deception by the individuals involved in KEVIN P. McGINLEY's death, and further intentionally filed a false report denying that said conflicts and deception existed;

J.   Failed to take appropriate action to establish how and why there were two seriously conflicting accident reports regarding the location where KEVIN P. McGINLEY was struck and killed and the location of the vehicles and individuals known to be involved in KEVIN P. McGINLEY's death;

K.   Intentionally misled Plaintiffs as to the true circumstances of KEVIN P. McGINLEY's death;

L.   Permitted, without objection, FHP traffic homicide investigators and investigators from his office to provide false testimony and inaccurate

information to a committee charged with rendering a decision as to whether or not to initiate criminal charges as the result of the death of KEVIN P. McGINLEY;

M.     Permitted a committee charged with rendering a decision as to whether or not to initiate criminal charges as the result of the death of KEVIN P. McGINLEY to rely upon the findings and conclusions of a THI report with full knowledge that said report was false, misleading, and inaccurate, and that the conclusions and findings of the report were unsupported by and inconsistent with the physical evidence at the scene and eyewitness statements, and that the report was materially and factually misleading and inaccurate, and amongst other things, intentionally misrepresented the physical evidence at the scene and eyewitness statements;

N.     Knowingly permitted investigators to file an intentionally misleading report in respect of the testimony of a witness with information relevant to the circumstances of KEVIN P. McGINLEY's death, thereby deliberately attempting to discredit an eyewitness to KEVIN P. McGINLEY's death and further, to additionally discredit the Plaintiffs by making false and malicious allegations that they had tampered with and bribed said eyewitness;

O.     Knowingly permitted investigators to file an intentionally misleading report alleging that the Plaintiffs had engaged in acts of bribery and coercion in order to induce an eyewitness into giving false testimony to the effect that he had witnessed KEVIN P. McGINLEY being pushed into the path of an oncoming tractor-trailer;

P.     Knowingly permitted investigators to file false reports alleging that an eyewitness had changed his account from his so-called original account of seeing nothing to a new and allegedly false account that he had witnessed KEVIN P. McGINLEY being pushed in front of the oncoming tractor-trailer; further, falsely alleged that the so- called new account had resulted from acts of collaboration and bribery by the Plaintiffs;

Q.     Conspired with personnel of the Hillsborough State Attorney's office and FHP to provide false and misleading testimony regarding the aforementioned bribery allegations to a committee of senior assistant state attorneys charged with reaching a determination as to the filing of criminal charges in this case;

R.     Intentionally refrained from obtaining records that he reasonably knew would confirm the truthfulness of the eyewitness that was the subject of the conspiracy to falsely accuse said eyewitness and the Plaintiffs of acts of bribery;

S.  Knowingly withheld relevant information and witness testimony from a committee charged with rendering a decision as to whether or not to initiate criminal charges as the result of the death of KEVIN P. McGINLEY;

T.  Knowingly sanctioned and condoned his and other investigators' failure to investigate the circumstances and events that preceded and resulted in KEVIN P. McGINLEY's unlawful killing;

U.  Failed to take appropriate action, or require appropriate action to be taken, in respect of irreconcilable conflicts and proven acts of deception by the individuals involved in KEVIN P. McGINLEY's death;

V.  In conjunction with personnel of the FHP, failed to respond to, or to commence dialogue, or to seek a proffer upon being advised by legal counsel that one of the individuals involved in KEVIN P. McGINLEY's death would agree to an interview on condition that he was granted immunity from prosecution;

W.  In conjunction with personnel of the FHP, withheld the information that the aforementioned individual had been located after fleeing the state and evading questioning for several years and was displaying clear signs of guilt;

X.  Withheld information that the individual was currently incarcerated on other charges, thereby depriving Plaintiffs from the opportunity of deposing him in connection with a wrongful death action;

Y.  Engaged in a conspiracy with one or more other individuals acting under color of law to deprive the Plaintiffs of an investigation into the criminal acts that resulted in KEVIN P. McGINLEY's death, thereby preventing the third parties criminally responsible for the death of KEVIN P. McGINLEY from being duly prosecuted for such crime or crimes through the criminal justice system;

Z.  In conjunction with other State law enforcement officials, engaged in a pattern and practice designed to deprive Plaintiffs from gaining a competent and truthful investigation into the circumstances surrounding KEVIN P. McGINLEY's death, thereby depriving them of rights protected by the Fourteenth Amendment to the United States Constitution, which deprivation of rights continues to this day; and

AA.  Knowingly failed and refused to initiate criminal charges in connection with the death of KEVIN P. McGINLEY, even though such death proximately resulted from the criminal acts of third parties.

112.   All of the aforesaid acts of Defendant were committed willfully and maliciously, with actual malice toward Plaintiffs and/or with willful and wanton indifference to and deliberate disregard for the statutory and constitutional rights of Plaintiffs, under color of law and under color of authority as an officer or employee of the law enforcement agency by whom said Defendant was employed, and said acts deprived Plaintiffs of the privileges and immunities guaranteed to Plaintiffs as citizens of the United States by Article IV Section 2 Clause 1, Amendment V and Section 1 of Amendment XIV of the Constitution of the United States of America.

113.   Defendant's actions have deprived Plaintiffs access to courts, due process of law and equal protection of the law as guaranteed by Amendments V and XIV of the Constitution of the United States of America.

114.   As a direct and proximate result of the aforesaid acts of the Defendant, Plaintiffs have suffered damages, including without limitation, emotional and mental distress, pecuniary losses and expenses, and other damages.

115.   All of the aforesaid acts of the Defendant were motivated by improper motive or intent, and/or were the result of Defendant's reckless or callous indifference to the federally protected rights of Plaintiffs, and exemplary or punitive damages should be awarded against Defendant in favor of Plaintiffs.

116.   Plaintiffs have employed the undersigned attorneys to bring and prosecute this action and are entitled to reasonable attorneys' fees from the Defendant, pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiffs demand judgment against Defendant, MARK A. OBER, for damages, attorneys' fees, court costs, interest and such other and further relief

to which they are entitled under law, and Plaintiffs demand trial by jury of all issues so triable.

DEMAND FOR JURY TRIAL is hereby made of all issues so triable herein.

## COUNT XI - RICHARD HURD

117.    This is an action against Defendant, RICHARD HURD, for damages in excess of $15,000.00 for violation of Plaintiffs' civil rights, pursuant to 42 U.S.C. §1983.

118.    All of the foregoing general allegations of paragraphs one through 25 are hereby re-alleged incorporated herein.

119.    At all times material, Defendant, RICHARD HURD (hereinafter "HURD"), was an investigator with the Office of State Attorney, 13th Judicial.

120.    HURD committed the following specific acts:

A.    Conducted an investigation that grossly failed to act upon or pursue evidence and information which gave probable cause to believe that KEVIN P. McGINLEY's death resulted from an act of unlawful killing, and that investigators had engaged in acts of nonfeasance, misfeasance and malfeasance in a deliberate effort to conceal the true circumstances of KEVIN P. McGINLEY's death from being established;

B.    Failed to interview witnesses with relevant information regarding the true circumstances of KEVIN P. McGINLEY's death;

C.    Disregarded relevant information pertinent to the circumstances of KEVIN P. McGINLEY's death;

D.    Disregarded information contained in emergency calls placed to 911 and FHP on the night of the fatality;

E.    Failed to act upon information of prior conflicts and altercations that occurred earlier and that were directly related to the circumstances of KEVIN P. McGINLEY's death;

F.    Wrongly dismissed and refused to consider relevant information provided by third parties;

G.     Failed to act upon irreconcilable conflicts and proven acts of deception by the individuals involved in KEVIN P. McGINLEY's death;

H.     Failed to take appropriate action to establish how and why there were two seriously conflicting accident reports regarding the location where KEVIN P. McGINLEY was struck and killed and the location of the vehicles and individuals known to be involved in KEVIN P. McGINLEY's death;

I.     Conspired with MAURIELLO and OBER to provide false testimony and inaccurate information to a committee charged with rendering a decision as to whether or not to initiate criminal charges as the result of the death of KEVIN P. McGINLEY;

J.     Permitted a committee charged with rendering a decision as to whether or not to initiate criminal charges as the result of the death of KEVIN P. McGINLEY to rely upon the findings and conclusions of a THI report with full knowledge that said report was false, misleading, and inaccurate, and the conclusions and findings of the report were unsupported by and inconsistent with the physical evidence at the scene and eyewitness statements, and the report was materially and factually misleading and inaccurate, and amongst other things, intentionally misrepresented the physical evidence at the scene and eyewitness statements;

K.     Intimidated potential witnesses in an attempt to coerce them to providing inaccurate information regarding the death of KEVIN P. McGINLEY;

L.     Aided and abetted MAURIELLO in the filing of an intentionally misleading report in respect of the testimony of a witness with information relevant to the circumstances of KEVIN P. McGINLEY's death, thereby deliberately attempting to discredit an eyewitness to KEVIN P. McGINLEY's death and further, to additionally discredit the Plaintiffs by making false and malicious allegations that they had tampered with and bribed said eyewitness;

M.     Aided and abetted MAURIELLO in the filing of an intentionally misleading report alleging that the Plaintiffs had engaged in acts of bribery and coercion in order to induce an eyewitness into giving false testimony to the effect that he had witnessed KEVIN P. McGINLEY being pushed into the path of an oncoming tractor-trailer;

N.     Aided and abetted MAURIELLO in the filing of a false reports alleging that an eyewitness had changed his account from his so-called original account of seeing nothing to a new and allegedly false account that he had witnessed KEVIN P. McGINLEY being pushed in front of the oncoming tractor-trailer, and further, falsely alleged that the so-called new account had resulted from acts of collaboration and bribery by the Plaintiffs;

 Conspired with OBER and MAURIELLO to provide false and misleading testimony regarding the aforementioned bribery allegations to a committee of senior assistant state attorneys charged with reaching a determination as to the filing of criminal charges in this case;

P.   Intentionally refrained from obtaining records that he reasonably knew would confirm the truthfulness of the eyewitness that was the subject of the conspiracy to falsely accuse said eyewitness and the Plaintiffs of acts of bribery;

Knowingly withheld relevant information and witness testimony from a committee charged with rendering a decision as to whether or not to initiate criminal charges as the result of the death of KEVIN P. McGINLEY;

Willfully failed to investigate the circumstances and events that preceded and resulted in KEVIN P. McGINLEY's unlawful killing;

Engaged in a conspiracy with one or more other individuals acting under color of law to deprive the Plaintiffs of an investigation into the criminal acts that resulted in KEVIN P. McGINLEY's death, thereby preventing the third parties criminally responsible for the death of KEVIN P. McGINLEY from being duly prosecuted for such crime or crimes through the criminal justice system; and

T.   In conjunction with other State law enforcement officials, engaged in a pattern and practice designed to deprive Plaintiffs from gaining a competent and truthful investigation into the circumstances surrounding KEVIN P. McGINLEY's death, thereby depriving them of rights protected by the Fourteenth Amendment to the United States Constitution, which deprivation of rights continues to this day.

121.   All of the aforesaid acts of Defendant were committed willfully and maliciously, with actual malice toward Plaintiffs and/or with willful and wanton indifference to and deliberate disregard for the statutory and constitutional rights of Plaintiffs, under color of law and under color of authority as an officer or employee of the law enforcement agency by whom said Defendant was employed, and said acts deprived Plaintiffs of the privileges and immunities guaranteed to Plaintiffs as citizens of the

United States by Article IV Section 2 Clause 1, Amendment V and Section I of Amendment XIV of the Constitution of the United States of America.

122.    Defendant's actions have deprived Plaintiffs access to courts, due process of law and equal protection of the law as guaranteed by Amendments V and XIV of the Constitution of the United States of America.

123.    As a direct and proximate result of the aforesaid acts of the Defendant, Plaintiffs have suffered damages, including without limitation, emotional and mental distress, pecuniary losses and expenses, and other damages.

124.    All of the aforesaid acts of the Defendant were motivated by improper motive or intent, and/or were the result of Defendant's reckless or callous indifference to the federally protected rights of Plaintiffs, and exemplary or punitive damages should be awarded against Defendant in favor of Plaintiffs.

125.    Plaintiffs have employed the undersigned attorneys to bring and prosecute this action and are entitled to reasonable attorneys' fees from the Defendant, pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiffs demand judgment against Defendant, RICHARD HURD, for damages, attorneys' fees, court costs, interest and such other and further relief to which they are entitled under law, and Plaintiffs demand trial by jury of all issues so triable.

DEMAND FOR JURY TRIAL is hereby made of all issues so triable herein.

## COUNT XII – CHRISTOPHER A. KNIGHT

126. This is an action against Defendant, CHRISTOPHER A. KNIGHT, for damages in excess of $15,000.00 for violation of Plaintiffs' civil rights, pursuant to 42 U.S.C. §1983.

127. All of the foregoing general allegations of paragraphs one through 25 are hereby re-alleged incorporated herein.

128. At all times material, Defendant, CHRISTOPHER A. KNIGHT (hereinafter "KNIGHT"), was a colonel in the FHP, having supervisory authority over all employees of FHP.

129. KNIGHT committed the following specific acts:

A. Willfully failed to take action in respect of the contents, findings and conclusions of the THI report into the death of KEVIN P. McGINLEY, with full knowledge that the conclusions and findings were unsupported by and inconsistent with the physical evidence at the scene and eyewitness statements, and that the report was materially and factually misleading and inaccurate;

B. Upon becoming aware of said factual inaccuracies and erroneous conclusions contained in the THI Report, and that the determination regarding the manner of KEVIN P. McGINLEY's death was unsupported, inconclusive and unreliable, continued to assure Plaintiffs that the Report was accurate and that KEVIN P. McGINLEY's death occurred as described therein;

C. Actively condoned JETTON's failure to conduct a thorough and competent investigation into all the circumstances surrounding and resulting in KEVIN P. McGINLEY's death, long after becoming aware that no such investigation was being conducted;

D. Withheld investigative records and information from Plaintiffs and/or individuals acting on their behalf in violation of the Florida public records laws;

E. Willfully disregarded Plaintiffs' requests to submit entirely new evidence and information relevant to the death of KEVIN P. McGINLEY, thereby

further obstructing Plaintiffs lawful rights to a competent and truthful investigation;

F.  Willfully disregarded Plaintiffs requests to submit entirely new evidence and information of acts of nonfeasance, misfeasance and malfeasance committed by investigators during the THI investigation into KEVIN P. McGINLEY's death;

G.  Willfully failed to investigate or follow up on a subsequent July 2007 complaint against FHP traffic homicide investigators submitted by United States Senator Bill Nelson and based upon additional newly discovered evidence of official misconduct by personnel of the FHP and the Hillsborough State Attorney's office;

H.  Willfully failed to investigate or follow up on a subsequent July 2007 complaint against FHP traffic homicide investigators submitted by United States Senator Bill Nelson and containing additional newly discovered evidence that KEVIN P. McGINLEY's death resulted from the criminal actions of the individuals known to be present at the time of KEVIN P. McGINLEY's death;

I.  Conspired with other to operate a policy or practice of refusing to investigate or follow up on complaints regarding the misconduct of investigators charged with an affirmative duty to properly and competently investigate the circumstances of KEVIN P. McGINLEY's death;

J.  Engaged in a conspiracy with one or more other individuals acting under color of law to deprive the Plaintiffs of a competent and credible investigation into the full circumstances of KEVIN P. McGINLEY's death, thereby preventing third parties criminally responsible for the death of KEVIN P. McGINLEY from being duly prosecuted for such crime or crimes through the criminal justice system; and

K.  Engaged with other State law enforcement officials in a pattern and practice of misconduct designed to deprive Plaintiffs from gaining a competent and truthful investigation into the circumstances surrounding KEVIN P. McGINLEY's death, thereby depriving them of rights protected by the Fourteenth Amendment to the United States Constitution, which deprivation of rights continues to this day.

130.  All of the aforesaid acts of Defendant were committed willfully and maliciously, with actual malice toward Plaintiffs and/or with willful and wanton

indifference to and deliberate disregard for the statutory and constitutional rights of Plaintiffs, under color of law and under color of authority as an officer or employee of the law enforcement agency by whom said Defendant was employed, and said acts deprived Plaintiffs of the privileges and immunities guaranteed to Plaintiffs as citizens of the United States by Article IV Section 2 Clause 1, Amendment V and Section I of Amendment XIV of the Constitution of the United States of America.

131.    Defendant's actions have deprived Plaintiffs access to courts, due process of law and equal protection of the law as guaranteed by Amendments V and XIV of the Constitution of the United States of America.

132.    As a direct and proximate result of the aforesaid acts of the Defendant, Plaintiffs have suffered damages, including without limitation, emotional and mental distress, pecuniary losses and expenses, and other damages.

133.    All of the aforesaid acts of the Defendant were motivated by improper motive or intent, and/or were the result of Defendant's reckless or callous indifference to the federally protected rights of Plaintiffs, and exemplary or punitive damages should be awarded against Defendant in favor of Plaintiffs.

134.    Plaintiffs have employed the undersigned attorneys to bring and prosecute this action and are entitled to reasonable attorneys' fees from the Defendant, pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiffs demand judgment against Defendant, CHRISTOPHER A. KNIGHT, for damages, attorneys' fees, court costs, interest and such other and further relief to which they are entitled under law, and Plaintiffs demand trial by jury of all issues so triable.

DEMAND FOR JURY TRIAL is hereby made of all issues so triable herein.

## COUNT XIII – DAVID BRIERTON

135.   This is an action against Defendant, DAVID BRIERTON, for damages in

excess of $15,000.00 for violation of Plaintiffs' civil rights, pursuant to 42 U.S.C. §1983.

136.   All of the foregoing general allegations of paragraphs one through 25 are

hereby re-alleged incorporated herein.

137.   At all times material, Defendant, DAVID BRIERTON (hereinafter

"BRIERTON"), was a major in FHP.

138.   BRIERTON committed the following specific acts:

A.   As an officer in charge of FHP's Bureau of investigations with the direct
responsibility to investigate complaints against agency personnel, willfully
disregarded Plaintiffs complaints on December 11, 2006 of official
misconduct against investigators involved in the investigation into the
death of KEVIN P. McGINLEY;

B.   As an officer in charge of FHP's Bureau of investigations with the direct
responsibility to investigate complaints against agency personnel, willfully
disregarded Plaintiffs' request of December 11, 2006 to submit entirely
new evidence and information of acts of nonfeasance, misfeasance and
malfeasance committed by investigators during the THI investigation into
KEVIN P. McGINLEY's death;

C.   Willfully failed to perform his duties in respect of complaints surrounding
the THI investigation with full knowledge that the THI lead investigator,
JETTON, was under active investigation for lying to prosecutors,
withholding the testimony of an eyewitness to a homicide, attempting to
coerce a witness into giving false testimony and giving misleading
testimony before a court;

D.   Engaged in a conspiracy with one or more other individuals acting under
color of law to deprive the Plaintiffs of a competent and credible
investigation into the full circumstances of KEVIN P. McGINLEY's
death, thereby preventing the third parties criminally responsible for the
death of KEVIN P. McGINLEY from being duly prosecuted for such
crime or crimes through the criminal justice system; and

E.   Engaged with other State law enforcement officials in a pattern and practice of misconduct designed to deprive Plaintiffs from gaining a competent and truthful investigation into the circumstances surrounding KEVIN P. McGINLEY's death, thereby depriving them of rights protected by the Fourteenth Amendment to the United States Constitution, which deprivation of rights continues to this day.

139.   All of the aforesaid acts of Defendant were committed willfully and maliciously, with actual malice toward Plaintiffs and/or with willful and wanton indifference to and deliberate disregard for the statutory and constitutional rights of Plaintiffs, under color of law and under color of authority as an officer or employee of the law enforcement agency by whom said Defendant was employed, and said acts deprived Plaintiffs of the privileges and immunities guaranteed to Plaintiffs as citizens of the United States by Article IV Section 2 Clause 1, Amendment V and Section I of Amendment XIV of the Constitution of the United States of America.

140.   Defendant's actions have deprived Plaintiffs access to courts, due process of law and equal protection of the law as guaranteed by Amendments V and XIV of the Constitution of the United States of America.

141.   As a direct and proximate result of the aforesaid acts of the Defendant, Plaintiffs have suffered damages, including without limitation, emotional and mental distress, pecuniary losses and expenses, and other damages.

142.   All of the aforesaid acts of the Defendant were motivated by improper motive or intent, and/or were the result of Defendant's reckless or callous indifference to the federally protected rights of Plaintiffs, and exemplary or punitive damages should be awarded against Defendant in favor of Plaintiffs.

143.    Plaintiffs have employed the undersigned attorneys to bring and prosecute this action and are entitled to reasonable attorneys' fees from the Defendant, pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiffs demand judgment against Defendant, DAVID BRIERTON, for damages, attorneys' fees, court costs, interest and such other and further relief to which they are entitled under law, and Plaintiffs demand trial by jury of all issues so triable.

DEMAND FOR JURY TRIAL is hereby made of all issues so triable herein.

### COUNT XIV – RANDY M. SNOW

144.    This is an action against Defendant, RANDY M. SNOW, for damages in excess of $15,000.00 for violation of Plaintiffs' civil rights, pursuant to 42 U.S.C. §1983.

145.    All of the foregoing general allegations of paragraphs one through 25 are hereby re-alleged incorporated herein.

146.    At all times material, Defendant, RANDY M. SNOW (hereinafter "SNOW"), was a captain in FHP, and the officer in charge of the Office of Professional Compliance.

147.    SNOW committed the following specific acts:

A.      Willfully disregarded an order from the Inspector General for DHSMV to investigate Plaintiffs' evidence and allegations that KEVIN P. McGINLEY's death resulted from the criminal actions of individuals identified as being at the scene of his death;

B.      Willfully disregarded an order from the Inspector General for DHSMV to investigate Plaintiffs' evidence and allegations that investigators had engaged in intentional acts of misconduct and obstruction of justice;

C.      Grossly failed to supervise the OPC investigation into the Plaintiffs' allegations;

D.    Accepted the findings and conclusions of the OPC investigation with full knowledge that the investigation wholly failed to comply with the requirements of the Inspector General for DHSMV;

E.    Willfully disregarded all evidence and information provided by Plaintiffs in support of their complaints that investigators had engaged in intentional acts of misconduct and obstruction of justice;

F.    Willfully disregarded all evidence and information provided by Plaintiffs in support of their allegations that KEVIN P. McGINLEY's death resulted from the criminal actions of individuals identified as being at the scene of his death;

G.    Failed to take appropriate action with respect to evidence of criminal violations outside of FHP's jurisdiction by forwarding it to an agency authorized to act upon it;

H.    Actively obstructed the OPC investigation from complying with the instructions and orders of the Inspector General for DHSMV by placing restrictions on investigator's ability to interview witnesses;

I.    Continued to defend the findings of the THI report after becoming aware that it was seriously deficient, unreliable, misrepresented and withheld relevant information and witness testimony, and that the investigative findings were unsupported and erroneous;

J.    Falsely asserted in deposition testimony that the OPC had conducted a criminal investigation into Plaintiffs' allegations regarding the circumstances of KEVIN P. McGINLEY's death;

K.    Willfully failed to investigate or follow up on complaints against the reports of FHP traffic homicide investigators, thereby failing to carry out the duties imposed upon him by law;

L.    Deliberately ignored additional information that he reasonably knew could confirm acts of evidence tampering, misrepresentation and filing of false reports by investigators involved in the THI investigation of KEVIN P. McGINLEY's death;

M.    Failed to take or recommend action against JETTON and MAURIELLO for their failure to investigate the circumstances and events that preceded and resulted in KEVIN P. McGINLEY's death;

N.    Failed to take or recommend action to remedy the acknowledged failings, misrepresentations, factual inaccuracies, misstatements, acts of withholding and erroneous conclusions contained within the THI report;

O.      Conspired with other to operate a policy or practice of refusing to investigate or follow up on complaints regarding the misconduct of investigators charged with an affirmative duty to properly and competently investigate the circumstances of KEVIN P. McGINLEY's death; and

P.      Engaged with other State law enforcement officials in a pattern and practice of misconduct designed to deprive Plaintiffs from gaining a competent and truthful investigation into the circumstances surrounding KEVIN P. McGINLEY's death, thereby depriving them of rights protected by the Fourteenth Amendment to the United States Constitution, which deprivation of rights continues to this day.

148.    All of the aforesaid acts of Defendant were committed willfully and maliciously, with actual malice toward Plaintiffs and/or with willful and wanton indifference to and deliberate disregard for the statutory and constitutional rights of Plaintiffs, under color of law and under color of authority as an officer or employee of the law enforcement agency by whom said Defendant was employed, and said acts deprived Plaintiffs of the privileges and immunities guaranteed to Plaintiffs as citizens of the United States by Article IV Section 2 Clause 1, Amendment V and Section I of Amendment XIV of the Constitution of the United States of America.

149.    Defendant's actions have deprived Plaintiffs access to courts, due process of law and equal protection of the law as guaranteed by Amendments V and XIV of the Constitution of the United States of America.

150.    As a direct and proximate result of the aforesaid acts of the Defendant, Plaintiffs have suffered damages, including without limitation, emotional and mental distress, pecuniary losses and expenses, and other damages.

151.    All of the aforesaid acts of the Defendant were motivated by improper motive or intent, and/or were the result of Defendant's reckless or callous indifference to

the federally protected rights of Plaintiffs, and exemplary or punitive damages should be awarded against Defendant in favor of Plaintiffs.

152.    Plaintiffs have employed the undersigned attorneys to bring and prosecute this action and are entitled to reasonable attorneys' fees from the Defendant, pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiffs demand judgment against Defendant, RANDY M. SNOW, for damages, attorneys' fees, court costs, interest and such other and further relief to which they are entitled under law, and Plaintiffs demand trial by jury of all issues so triable.

DEMAND FOR JURY TRIAL is hereby made of all issues so triable herein.

## COUNT XV – DIANE MARTINEZ

153.    This is an action against Defendant, DIANE MARTINEZ, for damages in excess of $15,000.00 for violation of Plaintiffs' civil rights, pursuant to 42 U.S.C. §1983.

154.    All of the foregoing general allegations of paragraphs one through 25 are hereby re-alleged incorporated herein.

155.    At all times material, Defendant, DIANE MARTINEZ (hereinafter "MARTINEZ"), was a sergeant in FHP and an investigator in the Office of Professional Compliance.

156.    MARTINEZ committed the following specific acts:

A.    Willfully disregarded an order from the Inspector General for DHSMV to investigate Plaintiffs' evidence and allegations that KEVIN P. McGINLEY's death resulted from the criminal actions of individuals identified as being at the scene of his death;

B.    Willfully disregarded an order from the Inspector General for DHSMV to investigate Plaintiffs' evidence and allegations that investigators had engaged in intentional acts of misconduct and obstruction of justice;

C.    Willfully failed to perform an affirmative duty to investigate Plaintiffs' evidence and allegations that KEVIN P. McGINLEY's death resulted from the criminal actions of individuals identified as being at the scene of his death;

D.    Willfully failed to perform an affirmative duty to investigate Plaintiffs' evidence and allegations that investigators had engaged in intentional acts of misconduct and obstruction of justice;

E.    Filed a report falsely asserting that she was not in possession of relevant evidence and information provided by Plaintiffs;

F.    Filed a report with intent to mislead the Plaintiffs and other readers of the report into believing that OPC had investigated the Plaintiffs' allegations regarding the circumstances of KEVIN P. McGINLEY's death and found no evidence to support them;

G.    Filed a report with intent to mislead the Plaintiffs and other readers of the report into believing that OPC had investigated the Plaintiffs' allegations that investigators had engaged in acts of official misconduct and obstruction of justice during the investigation of KEVIN P. McGINLEY's death and found no evidence to support them;

H.    Refused to consider relevant information provided by third parties;

I.    Failed to take appropriate action in respect of evidence of criminal violations outside of FHP's jurisdiction by forwarding it to an agency authorized to act upon it;

J.    Failed to interview witnesses with relevant information regarding the true circumstances of KEVIN P. McGINLEY's death;

K.    Disregarded relevant information pertinent to the circumstances of KEVIN P. McGINLEY's death;

L.    Disregarded evidence that conflicted with the official findings of accidental death involving a hit and run vehicle;

M.    Completely ignored certain eyewitness accounts of the fatality and the events immediately preceding it;

N.    Conspired with others to operate a policy or practice of refusing to investigate or follow up on complaints regarding the misconduct of investigators charged with an affirmative duty to properly and

competently investigate the circumstances of KEVIN P. McGINLEY's death;

O.   Engaged in a conspiracy with one or more other individuals acting under color of law to prevent the third parties criminally responsible for the death of KEVIN P. McGINLEY from being duly prosecuted for such crime or crimes through the criminal justice system;

P.   Failed to act upon newly discovered facts and information relevant to the true circumstances of KEVIN P. McGINLEY's death and which conflicted with the official findings and conclusions of the THI report; and

Q.   Engaged with other State law enforcement officials in a pattern and practice of misconduct designed to deprive Plaintiffs from gaining a competent and truthful investigation into the circumstances surrounding KEVIN P. McGINLEY's death, thereby depriving them of rights protected by the Fourteenth Amendment to the United States Constitution, which deprivation of rights continues to this day.

157.   All of the aforesaid acts of Defendant were committed willfully and maliciously, with actual malice toward Plaintiffs and/or with willful and wanton indifference to and deliberate disregard for the statutory and constitutional rights of Plaintiffs, under color of law and under color of authority as an officer or employee of the law enforcement agency by whom said Defendant was employed, and said acts deprived Plaintiffs of the privileges and immunities guaranteed to Plaintiffs as citizens of the United States by Article IV Section 2 Clause 1, Amendment V and Section I of Amendment XIV of the Constitution of the United States of America.

158.   Defendant's actions have deprived Plaintiffs access to courts, due process of law and equal protection of the law as guaranteed by Amendments V and XIV of the Constitution of the United States of America.

159.   As a direct and proximate result of the aforesaid acts of the Defendant, Plaintiffs have suffered damages, including without limitation, emotional and mental distress, pecuniary losses and expenses, and other damages.

160.    All of the aforesaid acts of the Defendant were motivated by improper motive or intent, and/or were the result of Defendant's reckless or callous indifference to the federally protected rights of Plaintiffs, and exemplary or punitive damages should be awarded against Defendant in favor of Plaintiffs.

161.    Plaintiffs have employed the undersigned attorneys to bring and prosecute this action and are entitled to reasonable attorneys' fees from the Defendant, pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiffs demand judgment against Defendant, DIANE MARTINEZ, for damages, attorneys' fees, court costs, interest and such other and further relief to which they are entitled under law, and Plaintiffs demand trial by jury of all issues so triable.

DEMAND FOR JURY TRIAL is hereby made of all issues so triable herein.

## COUNT XVI – JOHN CZERNIS

162.    This is an action against Defendant, JOHN CZERNIS, for damages in excess of $15,000.00 for violation of Plaintiffs' civil rights, pursuant to 42 U.S.C. §1983.

163.    All of the foregoing general allegations of paragraphs one through 25 are hereby re-alleged incorporated herein.

164.    At all times material, Defendant, JOHN CZERNIS (hereinafter "CZERNIS"), was a colonel in FHP, having supervisory authority over all employees of FHP.

165.    CZERNIS committed the following specific acts:

A.    Willfully disregarded an order from the Inspector General for DHSMV to investigate Plaintiffs' evidence and allegations that KEVIN P McGINLEY's death resulted from the criminal actions of individuals identified as being at the scene of his death;

B.  Willfully disregarded an order from the Inspector General for DHSMV to investigate Plaintiffs' evidence and allegations that investigators had engaged in intentional acts of misconduct and obstruction of justice;

C.  Grossly failed to supervise the OPC investigation into the Plaintiffs' allegations;

D.  Accepted the findings and conclusions of the OPC investigation in full knowledge that the investigation wholly failed to comply with the requirements of the Inspector General for DHSMV;

E.  Failed to reasonably train or supervise traffic homicide investigators employed by FHP in the conduct of traffic homicide investigations to the extent necessary to carry out the duties imposed upon them by law;

F.  Conspired with others to operate a policy or practice of refusing to investigate or follow up on complaints regarding the misconduct of investigators charged with an affirmative duty to properly and competently investigate the circumstances of KEVIN P. McGINLEY's death;

G.  Failed to require that an investigation be initiated into relevant evidence, information and witness testimony provided to FHP in 2008, which gave probable cause to believe that KEVIN P. McGINLEY's death resulted from the criminal acts of individuals present at the time of his death;

H.  Failed to require that an investigation be initiated into relevant evidence, information and witness testimony provided to FHP in 2008, which gave probable cause to believe that agency personnel had significantly failed to perform their lawful duties and/or engaged in acts of official misconduct in connection with the traffic homicide investigation of the death of KEVIN P. McGINLEY;

I.  Failed to require that the THI report was updated or amended to reflect that the contents were misleading, false, inaccurate and incomplete, and that the findings and conclusions were unsupported, unreliable, and erroneous;

J.  Failed to take appropriate action in respect of evidence of criminal violations outside of FHP's jurisdiction by forwarding it to an agency authorized to act upon it;

K.  Engaged in a conspiracy with one or more other individuals acting under color of law to deprive the Plaintiffs of a competent and credible investigation into the full circumstances of KEVIN P. McGINLEY

McGinley's death, thereby preventing the third parties criminally responsible for the death of KEVIN P. McGINLEY from being duly prosecuted for such crime or crimes through the criminal justice system; and

L. Engaged with other State law enforcement officials in a pattern and practice of misconduct designed to deprive Plaintiffs from gaining a competent and truthful investigation into the circumstances surrounding KEVIN P. McGINLEY's death, thereby depriving them of rights protected by the Fourteenth Amendment to the United States Constitution, which deprivation of rights continues to this day.

166. All of the aforesaid acts of Defendant were committed willfully and maliciously, with actual malice toward Plaintiffs and/or with willful and wanton indifference to and deliberate disregard for the statutory and constitutional rights of Plaintiffs, under color of law and under color of authority as an officer or employee of the law enforcement agency by whom said Defendant was employed, and said acts deprived Plaintiffs of the privileges and immunities guaranteed to Plaintiffs as citizens of the United States by Article IV Section 2 Clause 1, Amendment V and Section I of Amendment XIV of the Constitution of the United States of America.

167. Defendant's actions have deprived Plaintiffs access to courts, due process of law and equal protection of the law as guaranteed by Amendments V and XIV of the Constitution of the United States of America.

168. As a direct and proximate result of the aforesaid acts of the Defendant, Plaintiffs have suffered damages, including without limitation, emotional and mental distress, pecuniary losses and expenses, and other damages.

169. All of the aforesaid acts of the Defendant were motivated by improper motive or intent, and/or were the result of Defendant's reckless or callous indifference to

the federally protected rights of Plaintiffs, and exemplary or punitive damages should be awarded against Defendant in favor of Plaintiffs.

170.    Plaintiffs have employed the undersigned attorneys to bring and prosecute this action and are entitled to reasonable attorneys' fees from the Defendant, pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiffs demand judgment against Defendant, JOHN CZERNIS, for damages, attorneys' fees, court costs, interest and such other and further relief to which they are entitled under law, and Plaintiffs demand trial by jury of all issues so triable.

DEMAND FOR JURY TRIAL is hereby made of all issues so triable herein.

### COUNT XVII – LAURENCE NODA

171.    This is an action against Defendant, LAURENCE NODA, for damages in excess of $15,000.00 for violation of Plaintiffs' civil rights, pursuant to 42 U.S.C. §1983.

172.    All of the foregoing general allegations of paragraphs one through 25 are hereby re-alleged incorporated herein.

173.    At all times material, Defendant, LAURENCE NODA (hereinafter "NODA"), was the inspector general of DHSMV.

174.    NODA committed the following specific acts:

A.    Willfully accepted the failure of the OPC investigators to act upon his instructions to investigate Plaintiffs' evidence and allegations that KEVIN P. McGINLEY's death resulted from the criminal actions of individuals identified as being at the scene of his death;

B.    Willfully accepted the failure of the OPC investigators to act upon his instructions to investigate Plaintiffs' evidence and allegations that investigators had engaged in intentional acts of misconduct and obstruction of justice;

C.     Falsely asserted to Plaintiffs that the DHSMV Office of Professional Compliance and the Office of the Inspector General had investigated the allegations of official misconduct and obstruction of justice outlined in the Plaintiffs' complaint of November 2007 and found no evidence to support them;

D.     Falsely asserted to Plaintiffs in March 2009 that the DHSMV Office of Professional Compliance and the Office of the Inspector General had investigated the allegations regarding the circumstances of KEVIN P. McGINLEY's death as outlined in the Plaintiffs' complaint of November 2007 and found no evidence to support them;

E.     Continued to defend the findings and conclusions of the 1999 THI investigation report after becoming aware that it was seriously deficient, unreliable, misrepresented and withheld relevant information and witness testimony, and that the investigative findings were unsupported and erroneous;

F.     Failed to take appropriate action with respect to evidence of criminal violations by law enforcement personnel outside of FHP's jurisdiction by forwarding said evidence to an agency authorized to act upon it;

G.     Engaged in a conspiracy with one or more other individuals acting under color of law to deprive the Plaintiffs of a competent and credible investigation into the full circumstances of KEVIN P. McGINLEY McGinley's death, thereby preventing the third parties criminally responsible for the death of KEVIN P. McGINLEY from being duly prosecuted for such crime or crimes through the criminal justice system; and

H.     Engaged with other State law enforcement officials in a pattern and practice of misconduct designed to deprive Plaintiffs from gaining a competent and truthful investigation into the circumstances surrounding KEVIN P. McGINLEY's death, thereby depriving them of rights protected by the Fourteenth Amendment to the United States Constitution, which deprivation of rights continues to this day.

175.     All of the aforesaid acts of Defendant were committed willfully and maliciously, with actual malice toward Plaintiffs and/or with willful and wanton indifference to and deliberate disregard for the statutory and constitutional rights of Plaintiffs, under color of law and under color of authority as an officer or employee of the

law enforcement agency by whom said Defendant was employed, and said acts deprived Plaintiffs of the privileges and immunities guaranteed to Plaintiffs as citizens of the United States by Article IV Section 2 Clause 1, Amendment V and Section I of Amendment XIV of the Constitution of the United States of America.

176.    Defendant's actions have deprived Plaintiffs access to courts, due process of law and equal protection of the law as guaranteed by Amendments V and XIV of the Constitution of the United States of America.

177.    As a direct and proximate result of the aforesaid acts of the Defendant, Plaintiffs have suffered damages, including without limitation, emotional and mental distress, pecuniary losses and expenses, and other damages.

178.    All of the aforesaid acts of the Defendant were motivated by improper motive or intent, and/or were the result of Defendant's reckless or callous indifference to the federally protected rights of Plaintiffs, and exemplary or punitive damages should be awarded against Defendant in favor of Plaintiffs.

179.    Plaintiffs have employed the undersigned attorneys to bring and prosecute this action and are entitled to reasonable attorneys' fees from the Defendant, pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiffs demand judgment against Defendant, LAURENCE NODA, for damages, attorneys' fees, court costs, interest and such other and further relief to which they are entitled under law, and Plaintiffs demand trial by jury of all issues so triable.

DEMAND FOR JURY TRIAL is hereby made of all issues so triable herein.

## COUNT XVIII – JUDSON CHAPMAN

180.   This is an action against Defendant, JUDSON CHAPMAN, for damages

in excess of $15,000.00 for violation of Plaintiffs' civil rights, pursuant to 42 U.S.C.

§1983.

181.   All of the foregoing general allegations of paragraphs one through 25 are

hereby re-alleged incorporated herein.

182.   At all times material, Defendant, JUDSON CHAPMAN (hereinafter

"CHAPMAN"), was assistant general counsel to DHSMV.

183.   CHAPMAN committed the following specific acts:

A.   Actively obstructed the OPC investigators from complying with the instructions and orders of the Inspector General for DHSMV by instructing investigators that they did not have the legal authority to seek the issuance of subpoenas from the prosecutor to enable the investigator to interview uncooperative witnesses;

B.   Falsely asserted to the Plaintiffs that the OPC investigation was being treated as a criminal matter;

C.   Failed to take appropriate action upon being advised that OPC investigators had erroneously concluded that redesign and reconstruction of the highway had occurred at the location of KEVIN P. McGINLEY's death, which prevented investigators from confirming that JETTON had intentionally misrepresented the location of physical evidence at the scene in an effort to conceal his gross mishandling of the on-scene investigation;

D.   Engaged in a conspiracy with one or more other individuals acting under color of law to deprive the Plaintiffs of a competent and credible investigation into the full circumstances of KEVIN P. McGINLEY's death, thereby preventing the third parties criminally responsible for the death of KEVIN P. McGINLEY from being duly prosecuted for such crime or crimes through the criminal justice system; and

E.   Engaged with other State law enforcement officials in a pattern and practice of misconduct designed to deprive Plaintiffs from gaining a competent and truthful investigation into the circumstances surrounding KEVIN P. McGINLEY's death, thereby depriving them of rights

protected by the Fourteenth Amendment to the United States Constitution, which deprivation of rights continues to this day.

184.    All of the aforesaid acts of Defendant were committed willfully and maliciously, with actual malice toward Plaintiffs and/or with willful and wanton indifference to and deliberate disregard for the statutory and constitutional rights of Plaintiffs, under color of law and under color of authority as an officer or employee of the law enforcement agency by whom said Defendant was employed, and said acts deprived Plaintiffs of the privileges and immunities guaranteed to Plaintiffs as citizens of the United States by Article IV Section 2 Clause 1, Amendment V and Section I of Amendment XIV of the Constitution of the United States of America.

185.    Defendant's actions have deprived Plaintiffs access to courts, due process of law and equal protection of the law as guaranteed by Amendments V and XIV of the Constitution of the United States of America.

186.    As a direct and proximate result of the aforesaid acts of the Defendant, Plaintiffs have suffered damages, including without limitation, emotional and mental distress, pecuniary losses and expenses, and other damages.

187.    All of the aforesaid acts of the Defendant were motivated by improper motive or intent, and/or were the result of Defendant's reckless or callous indifference to the federally protected rights of Plaintiffs, and exemplary or punitive damages should be awarded against Defendant in favor of Plaintiffs.

188.    Plaintiffs have employed the undersigned attorneys to bring and prosecute this action and are entitled to reasonable attorneys' fees from the Defendant, pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiffs demand judgment against Defendant, JUDSON

CHAPMAN, for damages, attorneys' fees, court costs, interest and such other and further

relief to which they are entitled under law, and Plaintiffs demand trial by jury of all issues

so triable.

DEMAND FOR JURY TRIAL is hereby made of all issues so triable herein.

### COUNT XIX – DAWN CASE

189.    This is an action against Defendant, DAWN CASE, for damages in excess

of $15,000.00 for violation of Plaintiffs' civil rights, pursuant to 42 U.S.C. §1983.

190.    All of the foregoing general allegations of paragraphs one through 25 are

hereby re-alleged incorporated herein.

191.    At all times material, Defendant, DAWN CASE (hereinafter "CASE"),

was a deputy chief inspector general in the Office of the Governor of Florida.

192.    CASE committed the following specific acts:

A.     Willfully failed to act upon a formal complaint against the Inspector
General of DHSMV regarding his failure to perform his duties in
accordance with the law and his acts of misconduct in relation to the OPC
investigation into the Plaintiffs' complaints previously filed with the
Office of the Chief Inspector General;

B.     Failed to take appropriate action with respect to evidence of criminal
violations by law enforcement personnel outside of FHP's jurisdiction by
forwarding said evidence to an agency authorized to act upon it;

C.     Grossly failed to supervise the actions of the Inspector General for
DHSMV, having requested him to respond to Plaintiffs' formal complaints
of official misconduct by personnel under his oversight and having
forwarded said complaints to him for investigation;

D.     Accepted and defended the OPC investigation with full knowledge that it
wholly failed to comply with generally-accepted practices and standards
for the conduct of such investigations and failed to act upon entirely new
evidence of a criminal homicide;

E.    Failed to take appropriate action in respect of the OPC and the Inspector General's willful refusal to act upon evidence of criminal violations by law enforcement personnel of the DHSMV;

F.    Engaged in a conspiracy with one or more other individuals acting under color of law to deprive the Plaintiffs of a competent and credible investigation into the full circumstances of KEVIN P. McGINLEY McGinley's death, thereby preventing the third parties criminally responsible for the death of KEVIN P. McGINLEY from being duly prosecuted for such crime or crimes through the criminal justice system; and

G.    Engaged with other State law enforcement officials in a pattern and practice of misconduct designed to deprive Plaintiffs from gaining a competent and truthful investigation into the circumstances surrounding KEVIN P. McGINLEY's death, thereby depriving them of rights protected by the Fourteenth Amendment to the United States Constitution, which deprivation of rights continues to this day.

193.    All of the aforesaid acts of Defendant were committed willfully and maliciously, with actual malice toward Plaintiffs and/or with willful and wanton indifference to and deliberate disregard for the statutory and constitutional rights of Plaintiffs, under color of law and under color of authority as an officer or employee of the law enforcement agency by whom said Defendant was employed, and said acts deprived Plaintiffs of the privileges and immunities guaranteed to Plaintiffs as citizens of the United States by Article IV Section 2 Clause 1, Amendment V and Section I of Amendment XIV of the Constitution of the United States of America.

194.    Defendant's actions have deprived Plaintiffs access to courts, due process of law and equal protection of the law as guaranteed by Amendments V and XIV of the Constitution of the United States of America.

195. As a direct and proximate result of the aforesaid acts of the Defendant, Plaintiffs have suffered damages, including without limitation, emotional and mental distress, pecuniary losses and expenses, and other damages.

196. All of the aforesaid acts of the Defendant were motivated by improper motive or intent, and/or were the result of Defendant's reckless or callous indifference to the federally protected rights of Plaintiffs, and exemplary or punitive damages should be awarded against Defendant in favor of Plaintiffs.

197. Plaintiffs have employed the undersigned attorneys to bring and prosecute this action and are entitled to reasonable attorneys' fees from the Defendant, pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiffs demand judgment against Defendant, DAWN CASE, for damages, attorneys' fees, court costs, interest and such other and further relief to which they are entitled under law, and Plaintiffs demand trial by jury of all issues so triable.

DEMAND FOR JURY TRIAL is hereby made of all issues so triable herein.

## COUNT XX – MELINDA MIGUEL

198. This is an action against Defendant, MELINDA MIGUEL, for damages in excess of $15,000.00 for violation of Plaintiffs' civil rights, pursuant to 42 U.S.C. §1983.

199. All of the foregoing general allegations of paragraphs one through 25 are hereby re-alleged incorporated herein.

200. At all times material, Defendant, MELINDA MIGUEL (hereinafter "MIGUEL"), was the Chief Inspector General in the Office of the Governor of Florida.

201. MIGUEL committed the following specific acts:

A. Willfully failed to act upon a formal complaint against the Inspector General of DHSMV regarding his failure to perform his duties in accordance with the law and his acts of misconduct in relation to the OPC investigation into the Plaintiffs' complaints previously filed with the Office of the Chief Inspector General;

B. Failed to take appropriate action in respect of evidence of criminal violations by law enforcement personnel outside of FHP's jurisdiction by forwarding said evidence to an agency authorized to act upon it;

C. Grossly failed to supervise the actions of the Inspector General for DHSMV, having requested him to respond to Plaintiffs' formal complaints of official misconduct by personnel under his oversight and having forwarded said complaints to him for investigation;

D. Accepted and defended the OPC investigation in full knowledge that it wholly failed to comply with generally-accepted practices and standards for the conduct of such investigations and failed to act upon entirely new evidence of a criminal homicide;

E. Failed to take appropriate action in respect of the OPC and the Inspector General's willful refusal to act upon evidence of criminal violations by law enforcement personnel of the DHSMV;

F. Engaged in a conspiracy with one or more other individuals acting under color of law to deprive the Plaintiffs of a competent and credible investigation into the full circumstances of KEVIN P. McGINLEY's death, thereby preventing the third parties criminally responsible for the death of KEVIN P. McGINLEY from being duly prosecuted for such crime or crimes through the criminal justice system; and

G. Engaged with other State law enforcement officials in a pattern and practice of misconduct designed to deprive Plaintiffs from gaining a competent and truthful investigation into the circumstances surrounding KEVIN P. McGINLEY's death, thereby depriving them of rights protected by the Fourteenth Amendment to the United States Constitution, which deprivation of rights continues to this day.

202. All of the aforesaid acts of Defendant were committed willfully and maliciously, with actual malice toward Plaintiffs and/or with willful and wanton indifference to and deliberate disregard for the statutory and constitutional rights of Plaintiffs, under color of law and under color of authority as an officer or employee of the

law enforcement agency by whom said Defendant was employed, and said acts deprived Plaintiffs of the privileges and immunities guaranteed to Plaintiffs as citizens of the United States by Article IV Section 2 Clause 1, Amendment V and Section I of Amendment XIV of the Constitution of the United States of America.

203. Defendant's actions have deprived Plaintiffs access to courts, due process of law and equal protection of the law as guaranteed by Amendments V and XIV of the Constitution of the United States of America.

204. As a direct and proximate result of the aforesaid acts of the Defendant, Plaintiffs have suffered damages, including without limitation, emotional and mental distress, pecuniary losses and expenses, and other damages.

205. All of the aforesaid acts of the Defendant were motivated by improper motive or intent, and/or were the result of Defendant's reckless or callous indifference to the federally protected rights of Plaintiffs, and exemplary or punitive damages should be awarded against Defendant in favor of Plaintiffs.

206. Plaintiffs have employed the undersigned attorneys to bring and prosecute this action and are entitled to reasonable attorneys' fees from the Defendant, pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiffs demand judgment against Defendant, MELINDA MIGUEL, for damages, attorneys' fees, court costs, interest and such other and further relief to which they are entitled under law, and Plaintiffs demand trial by jury of all issues so triable.

DEMAND FOR JURY TRIAL is hereby made of all issues so triable herein.

## COUNT XXI – CIVIL RIGHTS

207.     This is an action against Defendant, CITY OF TAMPA, FLORIDA, for

damages in excess of $15,000.00 for violation of Plaintiffs' civil rights, pursuant to 42

U.S.C. §1983.

208.     All of the foregoing general allegations of paragraphs one through 25 are

hereby re-alleged incorporated herein.

209.     At all times material, Defendant, CITY OF TAMPA, FLORIDA

(hereinafter "TPD"), is a Florida municipality, operating and responsible for the City of

Tampa Police Department, a law enforcement agency in the State of Florida.

210.     TPD committed the following specific acts, which constitute the

implementation or execution of a custom or policy of the agency and governing body:

   A.     Falsely asserted that TPD had conducted an objective and independent
          review of the entire THI investigation into the death of KEVIN P.
          McGINLEY to offer alternative analysis of the evidence or suggest
          unexplored reasonable investigative possibilities;

   B.     Falsely asserted that the FHP and FDLE investigations were more than
          thorough, in that all investigative opportunities were explored and
          documented;

   C.     Falsely asserted that there was no reasonable basis to believe that the death
          of KEVIN P. McGINLEY occurred as the result of a criminal act;

   D.     Willfully failed to recommend that the tractor-trailer driver and two other
          eyewitnesses to KEVIN P. McGINLEY's death should be interviewed
          before any credible conclusions as to the circumstances of KEVIN P.
          McGINLEY McGinley's death could be expressed;

   E.      Grossly failed to review or consider the testimony of reliable third parties
          with relevant information, which would lead to the conclusion that the
          death of KEVIN P. McGINLEY occurred as the result of a criminal act;

   F.     Grossly failed to recommend action in respect to the obvious
          inadequacies,  misstatements,  misrepresentations  and  erroneous
          conclusions contained in the THI report, thereby depriving Plaintiffs of an

investigation into the criminal acts that resulted in KEVIN P. McGINLEY McGinley's death;

G.    Disregarded relevant information pertinent to the circumstances of KEVIN P. McGINLEY's death;

H.    Disregarded information contained in emergency calls placed to 911 and FHP on the night of the fatality;

I.    Grossly failed to act upon irreconcilable conflicts and proven acts of deception by the individuals involved in KEVIN P. McGINLEY's death;

J.    Conspired with officers and agents of FHP and FDLE to mislead Plaintiffs into believing that KEVIN P. McGINLEY's death occurred in a manner consistent with the findings of the THI report;

K.    Engaged in a conspiracy with one or more other individuals acting under color of law to deceive Plaintiffs in an effort to obstruct the Plaintiffs from asserting civil claims against the culpable third party or parties for the wrongful death of KEVIN P. McGINLEY in a court of competent jurisdiction prior to the expiration of the applicable statute of limitations;

L.    Engaged in a conspiracy with one or more other individuals acting under color of law to deceive Plaintiffs in an effort to prevent the third parties criminally responsible for the death of KEVIN P. McGINLEY from being duly prosecuted for such crime or crimes through the criminal justice system;

M.    Engaged with other State law enforcement officials in a pattern and practice of misconduct designed to deprive Plaintiffs from gaining a competent and truthful investigation into the circumstances surrounding KEVIN P. McGINLEY's death, thereby depriving them of rights protected by the Fourteenth Amendment to the United States Constitution, which deprivation of rights continues to this day.

211.    All of the aforesaid acts of Defendant were committed under color of law

and under color of authority by officers or employees of the aforesaid law enforcement

agency by whom said Defendants were employed, and said acts deprived Plaintiffs of the

privileges and immunities guaranteed to Plaintiffs as citizens of the United States by

Article IV Section 2 Clause 1, Amendment V and Section I of Amendment XIV of the Constitution of the United States of America.

212.   Defendant's actions have deprived Plaintiffs access to courts, due process of law and equal protection of the law as guaranteed by Amendments V and XIV of the Constitution of the United States of America.

213.   As a direct and proximate result of the aforesaid acts of the Defendant, Plaintiffs have suffered damages, including without limitation, emotional and mental distress, pecuniary losses and expenses, and other damages.

214.   Plaintiffs have employed the undersigned attorneys to bring and prosecute this action and are entitled to reasonable attorneys' fees from the Defendant, pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiffs demand judgment against Defendant, CITY OF TAMPA, FLORIDA, for damages, attorneys' fees, court costs, interest and such other and further relief to which they are entitled under law, and Plaintiffs demand trial by jury of all issues so triable.

DEMAND FOR JURY TRIAL is hereby made of all issues so triable herein.

## COUNT XXII – CONSPIRACY

215.   This is an action against all Defendants, jointly and severally, for damages in excess of $15,000.00 for conspiracy to violate Plaintiffs' civil rights, pursuant to 42 U.S.C. §1983 and §1985.

216.   All of the foregoing general allegations of paragraphs one through 25 are hereby re-alleged incorporated herein.

217. All of the aforesaid acts of Defendants were committed willfully and maliciously, with actual malice toward Plaintiffs and/or with willful and wanton indifference to and deliberate disregard for the statutory and constitutional rights of Plaintiffs, under color of law and under color of authority as officers or employees of the law enforcement agency by whom each was employed, and said acts deprived Plaintiffs of the privileges and immunities guaranteed to Plaintiffs as citizens of the United States by Article IV Section 2 Clause 1, Amendment V and Section 1 of Amendment XIV of the Constitution of the United States of America.

218. Defendants' actions have deprived Plaintiffs access to courts, due process of law and equal protection of the law as guaranteed by Amendments V and XIV of the Constitution of the United States of America.

219. All of the aforesaid acts of the Defendants were committed in concert with and in a conspiracy with one or more of the other Defendants herein, in violation of 42 U.S.C. §1985.

220. As a direct and proximate result of the aforesaid acts of the Defendants, Plaintiffs have suffered damages, including without limitation, Emotional and mental distress, pecuniary losses and expenses, and other damages.

221. All of the aforesaid acts of the Defendants were motivated by improper motive or intent, and/or were the result of Defendants' reckless or callous indifference to the federally protected rights of Plaintiffs, and exemplary or punitive damages should be awarded against all Defendants, except CITY OF TAMPA, FLORIDA, in favor of Plaintiffs.

222.   Plaintiffs have employed the undersigned attorneys to bring and prosecute this action and are entitled to reasonable attorneys' fees from the Defendants, pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, for damages, attorneys' fees, court costs, interest and such other and further relief to which they are entitled under law, and Plaintiffs demand trial by jury of all issues so triable.

DEMAND FOR JURY TRIAL is hereby made of all issues so triable herein.

Respectfully submitted,

TIMOTHY P. DRISCOLL, ESQ.
FBN: 0566306 / SPN: 005941821
RAHDERT, STEELE, REYNOLDS
   & DRISCOLL, P.A.
535 Central Avenue
St. Petersburg, Florida 33701
(727) 823-4191 / (727) 823-6189 (Fax)
Attorney for Plaintiff
tdriscoll@rahdertlaw.com