UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HUGH McGINLEY, Individually and as
Personal Representative of Estate of KEVIN P.
McGINLEY, Deceased, and GILLIAN
McGINLEY,

                      Plaintiffs,

v.                                       Case No.: 8:11-cv-00322-EAK-MAP

DENNIS E. JETTON, STEPHEN C.
MAURIELLO, MORRIS E. LEGGETT, JAMES
LEE, CHARLES C. HALL, MAXWELL R. DEY,
JAMES D. SEWELL, JOHN R. DAVIS, WAYNE
CHALU, MARK OBER, RICHARD HURD,
CHRISTOPHER A. KNIGHT, DAVID
BRIERTON, RANDY M. SNOW, DIANE
MARTINEZ, JOHN CZERNIS, LAURENCE
NODA, JUDSON CHAPMAN, DAWN CASE,
& MELINDA MIGUEL, all in their individual
capacities, and CITY OF TAMPA, FLORIDA, a
Florida municipal corporation,

                      Defendants.
_____/

## ORDER ON STATE EMPLOYEE DEFENDANTS' MOTION TO DISMISS AND/OR MOTION FOR JUDGMENT ON THE PLEADINGS

This cause is before the Court on Dennis E. Jetton, Stephen C. Mauriello, Morris E.

Leggett, James Lee, Charles C. Hall, Maxwell R. Dey, James D. Sewell, John R. Davis,[1] Wayne

Chalu, Mark Ober, Richard Hurd, Christopher A. Knight,[2] David Brierton, Randy M. Snow,

Diane Martinez, John Czernis, Laurence Noda, Judson Chapman, Dawn Case, and Melinda

Miguel's ("State Employee Defendants") Motion to Dismiss and/or Motion for Judgment on the

---

[1] Defendants' counsel filed a Suggestion of Death in state court on February 11, 2011 regarding John R. Davis.
(Doc. 6). The Suggestion of Death noted that Mr. Davis died on March 16, 2009. (Doc. 6).
[2] Defendants' Motion to Dismiss and/or Motion for Judgment on the Pleadings did not list Christopher A. Knight as
one of the Defendants in the body of the Motion. (*See* Doc. 45). The Court assumes that this was a typographical
error and will treat the Motion as if it had included Mr. Knight. Defendants' Motion included Mr. Knight in the case
caption, and the Court is not aware of any reason that Mr. Knight should not have been included in the Motion.

Pleadings (Doc. 45) and Plaintiffs, Hugh McGinley and Gillian McGinley's, Response to State

Employee Defendants' Motion to Dismiss and/or Motion for Judgment on the Pleadings (Doc.

67). For the reasons set forth below, State Employee Defendants' Motion is **GRANTED IN**

**PART** and **DENIED IN PART**.

## PROCEDURAL HISTORY

Plaintiffs, Hugh McGinley ("Mr. McGinley") and Gillian McGinley ("Mrs. McGinley"),

initially filed this action on December 10, 2010, in the Circuit Court for the Thirteenth Judicial

Circuit in and for Hillsborough County, Florida. (Doc. 1). State Employee Defendants, in their

individual capacities, and the City of Tampa, Florida removed the case to the United States

District Court for the Middle District of Florida on February 16, 2011. (Doc. 1). Plaintiffs filed

their Amended Complaint on February 16, 2011. (Doc. 3).

Plaintiffs' Amended Complaint alleges twenty-two counts under 42 U.S.C. § 1983 for

violations of Plaintiffs' constitutional rights of access to courts, due process, and equal protection

under the Fifth and Fourteenth Amendments to the United States Constitution. Counts I through

XXI contain allegations against each individual Defendant and the City of Tampa, and Count

XXII alleges a conspiracy against all Defendants to deprive Plaintiffs of their civil rights.

Defendants jointly filed their answer to Plaintiffs' Amended Complaint on February 16, 2011

(Doc. 4), except for Defendants Jetton and Dey, who jointly filed their answer to Plaintiffs'

Amended Complaint on March 4, 2011 (Doc. 13); Defendant Martinez, who filed an answer to

Plaintiffs' Amended Complaint on April 12, 2011 (Doc. 28); Defendant Sewell, who filed an

answer to Plaintiffs' Amended Complaint on July 25, 2011 (Doc. 36); and Defendant Knight,

who filed an answer to Plaintiffs' Amended Complaint on August 31, 2011 (Doc. 40).

The City of Tampa filed a Motion to Dismiss on February 16, 2011. (Doc. 5). Plaintiffs filed their response to the City's Motion to Dismiss on March 17, 2011 (Doc. 16), after receiving an extension to file a response on March 11, 2011 (Doc. 15). This Court granted Defendant, City of Tampa's, Motion to Dismiss with respect to Counts XXI and XXII and dismissed the City of Tampa from this action on June 29, 2011. (Doc. 31).

State Employee Defendants filed their Motion to Dismiss and/or Motion for Judgment on the Pleadings on June 11, 2012. (Doc. 45). Plaintiffs filed their response to State Employee Defendants' Motion to Dismiss and/or Motion for Judgment on the Pleadings on December 28, 2012 (Doc. 67), after receiving several extensions to file a response.

## STATEMENT OF FACTS

Plaintiffs submitted the following facts in their Amended Complaint. The Court recognizes these as "facts" only for the purpose of resolving this pending Motion to Dismiss and/or Motion for Judgment on the Pleadings.

Plaintiffs, Hugh McGinley and Gillian McGinley, are the parents of Kevin McGinley, deceased. (Pls.' Am. Compl. ¶¶ 1–3). Mr. McGinley is the duly appointed Personal Representative of the Estate of Kevin McGinley. (Am. Compl. ¶ 4). The Probate Court of the Sixth Judicial Circuit of Florida is currently administering the estate. (Am. Compl. ¶ 4). On February 13, 1998, a truck struck and killed Kevin McGinley on I-275 after one or more unknown individuals allegedly pushed Kevin into the truck's path. (Am. Compl. ¶¶ 5–6).

Florida Highway Patrol ("FHP") investigated Kevin McGinley's death and prepared a Traffic Homicide Investigation Report ("THI"), which concluded that Kevin died as a result of his "own actions or other forces beyond anyone's control." (Am. Compl. ¶¶ 8, 22). Defendant Jetton, a corporal with FHP, investigated Kevin McGinley's death. (Am. Compl. ¶¶ 28, 29D).

3

Plaintiffs allege, among other things, that Corporal Jetton carried out the investigation in an intentionally deceptive manner by withholding and misrepresenting evidence, refusing to interview witnesses, providing false testimony, and ignoring evidence that conflicted with the THI report. (*See* Am. Compl. ¶¶ 29A–DD).

On March 23, 2009, Plaintiffs received a report from the Office of Professional Compliance of FHP ("OPC") regarding an internal investigation into the conduct of the officers investigating Kevin McGinley's death. (Am. Compl. ¶ 13). The OPC investigation occurred between May 29, 2008 and February 2, 2009. (Am. Compl. ¶ 14). The OPC report acknowledged that the "THI report contained false and inaccurate information." (Am. Compl. ¶ 16).

Plaintiffs allege that they first became aware of evidence of Defendants' intent to deprive them of their civil rights on December 11, 2006, after obtaining handwritten and typed notes from a witness interview that contradicted the official interview report. (Am. Compl. ¶¶ 19, 21). Plaintiffs also allege that the investigation into Kevin McGinley's death remained open until February 2, 2009, and that they first became aware that their rights had been violated on March 23, 2009. (Am. Compl. ¶¶ 9–10, 15).

Finally, Plaintiffs allege that State Employee Defendants conspired and acted in concert to deprive Plaintiffs of access to courts, due process, and equal protection under the law. (Am. Compl. ¶¶ 218–219).

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a plaintiff's complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim on which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, a

4

plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide grounds of his [or her] entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (second alteration in original) (citation omitted) (internal quotation marks omitted).

On a Rule 12(b)(6) motion to dismiss, a court must "accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Alvarez v. Attorney Gen. for Fla.*, 679 F.3d 1257, 1261 (11th Cir. 2012). Courts follow a two-pronged approach when considering a motion to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). If "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," then the claim meets the plausibility standard. *Iqbal*, 556 U.S. at 678. The plausibility standard is not a "probability requirement," but it requires "more than a sheer possibility" that the allegations are true. *Id.* "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

A court may grant a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) "when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Horsley v. Rivera*,

292 F.3d 695, 700 (11th Cir. 2002). "A motion for judgment on the pleadings [under Federal

Rule of Civil Procedure 12(c)] is governed by the same standard as a Rule 12(b)(6) motion to

dismiss"; on a motion for judgment on the pleadings, a court must make all inferences in favor of

the nonmoving party and "must 'accept the facts alleged in the complaint as true.'" *Guarino v.*

*Wyeth LLC*, 823 F. Supp. 2d 1289, 1291 (M.D. Fla. 2011) (quoting *Bankers Ins. Co. v. Fla.*

*Residential Prop. & Cas. Joint Underwriting Ass'n*, 137 F.3d 1293, 1295 (11th Cir. 1998)).

## DISCUSSION

Plaintiffs' Amended Complaint alleges that State Employee Defendants are liable under

42 U.S.C. § 1983 for violations of Plaintiffs' rights to access to courts, equal protection, and due

process, as provided under the Fifth and Fourteenth Amendments. State Employee Defendants

make several arguments in their Motion to Dismiss and/or Motion for Judgment on the Pleadings,

including that the statute of limitations bars Plaintiffs' claims, that Plaintiffs' claims are barred

by collateral estoppel, that Defendants are entitled to qualified immunity, that Defendants Chalu,

Ober, and Hurd are entitled to absolute prosecutorial immunity, and that Plaintiffs have failed to

plead sufficient detail to sustain their claims for denial of access to courts, equal protection, due

process, and conspiracy. Each will be discussed in turn.

For purposes of State Employee Defendants' Motion to Dismiss, the Court has

considered the Amended Complaint (Doc. 3) and the THI report, which State Employee

Defendants attached to their Motion. *See Alvarez*, 679 F.3d at 1259 (stating that on "a motion to

dismiss, . . . the court limits its consideration to the pleadings and exhibits attached thereto")

(quoting *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000)) (internal

quotation marks omitted). "[T]he court may consider a document attached to a motion to dismiss

without converting the motion into one for summary judgment if the attached document is

(1) central to the plaintiff's claim and (2) undisputed. In this context, 'undisputed' means that the authenticity of the document is not challenged." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

As State Employee Defendants assert, the THI report is central to the Plaintiffs' Amended Complaint, and its authenticity has not been challenged. The THI report is referenced numerous times throughout the Plaintiffs' Amended Complaint (*see, e.g.*, Am. Compl. ¶¶ 8, 9, 16, 29H, 39A, 39B, 39D, 39G–J, 39L) and forms part of the basis for many of the Plaintiffs' claims. For example, Plaintiffs' allege that Defendant Mauriello "[k]nowingly authorized, sanctioned[,] and permitted the filing of a Traffic Homicide Investigation report attributing . . . [Kevin's] death to accidental causes in full awareness that the finding of accidental death was unsupported, unreliable[,] and erroneous." (Am. Compl. ¶ 39D). The THI report is a central part of this claim, and this is just one of many instances within the Amended Complaint in which the THI report forms part of the basis of Plaintiffs' allegations. Because the document is central to the Amended Complaint and its authenticity has not been challenged, the Court considered it along with the Amended Complaint for purposes of State Employee Defendants' Motion to Dismiss. The Court has not converted this to a motion for summary judgment.

State Employee Defendants request that this Court take judicial notice under Federal Rule of Evidence 201(b) "of certain pleadings and documents from Plaintiffs' two prior cases stemming from Kevin's death." (Doc. 45, at 13). A "[c]ourt may take judicial notice of . . . documents which are public records, that are attached to the motion to dismiss, without converting the motion to dismiss into a motion for summary judgment." *Haddad v. Dudek*, 784 F. Supp. 2d 1308, 1324 (M.D. Fla. 2011). The reason a court may do this is "that such documents are public records that [are] not subject to reasonable dispute because they [are] capable of

accurate and ready determination by resort to sources whose accuracy [can] not reasonably be questioned." *Id.* (quoting *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010)) (alterations in original) (internal quotation marks omitted). Under Rule 201(b),"a court may take notice of . . . another court's order . . . for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of that litigation." *Id.* (quoting *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 2011)) (internal quotation marks omitted).

The Court will take judicial notice of the Complaint from Plaintiffs' 2008 lawsuit against the State of Florida, Department of Highway Safety and Motor Vehicles, Florida Highway Patrol, and Mark Ober. (Doc. 44-4); Judge Covington's order on that case (Doc. 44-9); and the Eleventh Circuit's opinion based on the appeal from that same case (Doc. 44-10). The Court is not taking notice of these documents for the truth of the matters asserted; rather, the Court will take notice of these documents for the purpose of determining the subject matter of the previous lawsuit.

## I.  For purposes of this Motion to Dismiss, the statute of limitations does not bar Plaintiffs' claims.

State Employee Defendants argue that Plaintiffs' § 1983 claim is barred by the statute of limitations. As Defendants correctly note, § 1983 does not have a prescribed statute of limitations, so the applicable statute of limitations is the statute of limitations for civil rights claims in the forum state. *See Pontier v. City of Clearwater, Fla.*, 881 F. Supp. 1565, 1569 (M.D. Fla. 1995). In Florida, the statute of limitations is four years for § 1983 claims. *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003). Plaintiffs agree with State Employee Defendants that the applicable statute of limitations for Plaintiffs' § 1983 claim is four years. (Doc. 67, at 14). The four-year statute of limitations in Florida applies, but federal law determines the accrual date. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007). The statute of limitations begins to accrue when the

8

prospective "plaintiffs know or should know (1) that they have suffered the injury that forms the basis of their complaint and (2) who has inflicted the injury." *Chappell*, 340 F.3d at 1283.

On a motion to dismiss, a court may dismiss a complaint on the basis of an affirmative defense provided that the affirmative "defense clearly appears on the face of the complaint." *Quiller v. Barclays Am./Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984), *aff'd on reh'g*, 764 F.2d 1400 (11th Cir. 1985). The burden of proof is on a defendant to "establish[ ] the elements of the affirmative defense of the statute of limitations." *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1292 (11th Cir. 2005) (quoting *Smith v. Duff & Phelps, Inc.*, 5 F.3d 488, 492 n.9 (11th Cir. 1993)) (internal quotation marks omitted). In order to succeed on a motion to dismiss, State Employee Defendants' affirmative defense that the action is barred by the statute of limitations must appear on the face of the Amended Complaint or the THI report.

The Amended Complaint contains allegations that Plaintiffs first obtained evidence demonstrating Defendants' deliberate intent to deprive Plaintiffs of their rights on December 11, 2006, and that Plaintiffs did not know their rights had been violated until March 23, 2009 after they received the OPC report (Am. Compl. ¶¶ 13, 15); both dates would fall within the four-year statute of limitations. For purposes of this Motion to Dismiss, these allegations must be taken as true. Further, there is nothing contained within the Amended Complaint or the THI report that establishes that Plaintiffs knew or should have known that their rights had been violated at a date outside of the statute of limitations. Based on the face of Plaintiffs' Amended Complaint and the THI report, there is not a sufficient basis for the Court to find that the statute of limitations has expired on Plaintiffs' § 1983 claim against State Employee Defendants. The Court questions whether Plaintiffs' claims are sufficient to survive a motion for summary judgment; however, the case is currently before the Court on a motion to dismiss and/or motion for judgment on the

pleadings, and at this time, Plaintiffs claims may not be dismissed as barred by the statute of limitations.

**II.      For purposes of this Motion to Dismiss, Plaintiffs' claims are not barred by collateral estoppel.**

Defendants argue that Plaintiffs' § 1983 claims are barred by collateral estoppel based on Plaintiffs' 2008 lawsuit against FHP and Mark Ober. "[C]ollateral estoppel may be raised on a motion to dismiss when the elements are apparent on the face of the pleadings and public documents of which the court may take judicial notice." *U.S. Golf Learning Inst., LLC v. Club Managers Ass'n of Am.*, 2012 WL 768201, at *3 (M.D. Fla. Mar. 9, 2012). In order for collateral estoppel to bar a claim, the party that is attempting to use the doctrine of collateral estoppel must show four things:

> (1) the issue at stake is identical to the one involved in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the determination of the issue in the prior litigation must have been "a critical and necessary part" of the judgment in the first action; and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding.

*Christo v. Padgett*, 223 F.3d 1324, 1339 (11th Cir. 2000) (quoting *Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1359 (11th Cir. 1998)); *accord Irvin v. United States*, 335 F. App'x 821, 823 (11th Cir. 2009).

As noted earlier, the Court has taken judicial notice of three documents related to the 2008 litigation and has considered these documents along with the Amended Complaint to determine whether Plaintiffs' claims are precluded by collateral estoppel. Under the first element, the Court is satisfied that the issue at stake is sufficiently different to preclude application of collateral estoppel in this case. Plaintiffs' Amended Complaint in this lawsuit contains numerous allegations that were not present in Plaintiffs' Complaint in the 2008 lawsuit. These allegations

include acts or omissions that allegedly occurred after the allegations listed in the 2008

Complaint. (*See, e.g.*, Am. Compl. ¶¶ 13–15, 29F, 29AA).

But even if the issues were identical, the third element is not met. State Employee

Defendants are correct that the Middle District of Florida dismissed Plaintiffs' 2008 lawsuit

because the statute of limitations barred Plaintiffs' claim; however, the Eleventh Circuit affirmed

in part and dismissed in part based on *different* reasoning. (Doc. 44-10, at 3). The Eleventh

Circuit dismissed the case because FHP was not a state agency and because Plaintiffs did not

have standing to sue Defendant Ober based on his decision not to prosecute. (Doc. 44-10, at 4).

The Eleventh Circuit did not decide the appeal by determining that Plaintiffs' claim was time

barred by the statute of limitations. This means that the issue relating to the statute of limitations

was not "a critical and necessary part" of the final judgment in that case. Therefore, Plaintiffs'

claims are not barred by collateral estoppel.

### III.    Plaintiffs' claims for denial of access to courts are sufficient to withstand this Motion to Dismiss.

State Employee Defendants argue that Plaintiffs have not effectively stated claims for

denial of access to courts. Access to courts is considered to be a constitutional right that "must be

more than merely formal; it must also be adequate, effective, and meaningful." *Chappell*, 340

F.3d at 1282. "[I]nterference with the right of court access by state agents who intentionally

conceal the true facts about a crime may be actionable as a deprivation of constitutional rights."

*Id.* at 1283.

Plaintiffs allege throughout the Amended Complaint that State Employee Defendants'

actions or inaction deprived them of access to courts. Plaintiffs allege, among other things, that

State Employee Defendants intentionally withheld information about possible witness informants

and refused to interview witnesses in an effort to extend the investigation, which prevented

Plaintiffs from being able to file a wrongful death lawsuit within the appropriate timeframe. Assuming that these allegations are true (as the Court must do on a motion to dismiss), there is arguable legal merit to Plaintiffs' claim that they were denied access to courts because of State Employee Defendants' actions or inaction. Plaintiffs have alleged specific acts of State Employee Defendants that prevented Plaintiffs from filing a wrongful death lawsuit and have sufficiently stated a claim for denial of access to courts.

**IV.    Plaintiffs' claims for denial of equal protection are insufficient.**

State Employee Defendants argue that Plaintiffs have failed to state a sufficient claim for an equal protection violation. Plaintiffs have not asserted that State Employee Defendants discriminated against Plaintiffs because Plaintiffs are members of a protected class; rather, Plaintiffs' claims seem to be based on a "class of one" theory of equal protection. *See Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1201 (11th Cir. 2007) (noting that "'class of one' equal protection claims are indeed cognizable under the Fourteenth Amendment"). In order to assert a valid "class of one" equal protection claim, a plaintiff must "'allege[ ] that [he or] she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Id.* at 1202 (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). A plaintiff may fail to state a claim for a "class of one" equal protection claim if the plaintiff does not include "key factual details" when he or she alleges that he or she "is 'similarly situated' to another." *Id.* at 1205. Plaintiffs must show that they were intentionally treated differently than others who are "'prima facie identical in all relevant respects.'" *Id.* at 1204 (emphasis omitted) (quoting *Campbell v. Rainbow City, Ala.*, 434 F.3d 1306, 1314 (11th Cir. 2006)).

12

Plaintiffs' Amended Complaint alleges generally that "[Defendants'] actions have deprived Plaintiffs access to courts, due process of law[,] and equal protection of the law." (Doc. 3, at ¶ 32). Although Plaintiffs allege that State Employee Defendants' actions were intentional, Plaintiffs have failed to allege any factual details explaining how State Employee Defendants treated Plaintiffs differently from others who are "similarly situated" to Plaintiffs. The Amended Complaint does not mention any similarly situated individual(s) or group(s) and also fails to allege that there was no rational basis for treating Plaintiffs differently. Plaintiffs do not sufficiently allege how they were denied equal protection; the Amended Complaint is devoid of any "key factual details" explaining how Plaintiffs were intentionally treated differently than others who are similarly situated. As such, Plaintiffs have failed to state a sufficient claim for denial of equal protection.

## V.     Plaintiffs' claims for denial of substantive due process are sufficient.

Plaintiffs' Amended Complaint does not specify whether Plaintiffs' claim is for violation of substantive due process, procedural due process, or both. Accordingly, the Court will address both. State Employee Defendants argue that Plaintiffs have not sufficiently stated a claim for a substantive due process violation because Plaintiffs have not identified any fundamental right that State Employee Defendants allegedly violated. In order to state a claim for a violation of substantive due process, a plaintiff must allege that one of his or her "fundamental" rights ("rights that are implicit in the concept of ordered liberty") was violated. *See Greenbriar Vill., L.L.C. v. Mountain Brook, City*, 345 F.3d 1258, 1262 (11th Cir. 2003) (quoting *McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir. 1994)) (internal quotation marks omitted).

As Plaintiffs note in their response to State Employee Defendants Motion to Dismiss and/or Motion for Judgment on the Pleadings, Plaintiffs' Amended Complaint includes many

allegations based on a denial of access to courts. (Doc. 67, at 28). Denial of access to courts is considered to be a fundamental right. *Ryland v. Shapiro*, 708 F.2d 967, 971 (5th Cir. 1983); *see also Chappell*, 340 F.3d at 1282 (stating that "[a]ccess to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment"). Because Plaintiffs' Amended Complaint contains allegations that Plaintiffs were denied access to courts, Plaintiffs have sufficiently stated a claim for violation of substantive due process.

**VI.     Plaintiffs' claims are insufficient to allege violations of procedural due process.**

In addition to State Employee Defendants' arguments against Plaintiffs' substantive due process claims, State Employee Defendants also argue that Plaintiffs have not sufficiently alleged claims for procedural due process violations. For purposes of a § 1983 claim for an alleged denial of procedural due process, a plaintiff must prove "'three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process.'" *Arrington v. Helms*, 438 F.3d 1336, 1347 (11th Cir. 2006) (quoting *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003)). Plaintiffs have failed to allege what liberty or property interest State Employee Defendants allegedly deprived them of, so Plaintiffs have not stated a sufficient claim for violation of procedural due process.

**VII.    Qualified immunity is not applicable for purposes of this Motion to Dismiss.**

A court may grant a motion to dismiss based on qualified immunity "if the 'complaint fails to allege the violation of a clearly established constitutional right.'" *Griffin Indus., Inc.*, 496 F.3d at 1199 (quoting *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)). "For a constitutional right to be clearly established, the contours of that right must be sufficiently clear that a reasonable official would understand that what he [or she] is doing violates that right."

14

*Holmes v. Kucynda*, 321 F.3d 1069, 1077 (11th Cir. 2003) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)) (internal quotation marks omitted). The official who is arguing that he or she is protected by qualified immunity must first show, however, that he or she acted "within the scope of his [or her] discretionary authority when the allegedly wrongful acts occurred." *Id.* at 1077 n.8 (quoting *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002)) (internal quotation marks omitted). "[W]hether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action." *Anderson*, 483 U.S. at 639 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 819 (1982)).

Plaintiffs argue that the Amended Complaint "makes clear allegations of misconduct well beyond any alleged discretionary authority any Defendant may have." (Doc. 67, at 32). The Court agrees that the Amended Complaint alleges conduct that is not within the scope of State Employee Defendants' discretionary authority. For example, the Amended Complaint alleges intentionally withholding evidence and intimidating witnesses. These actions are not within the scope of State Employee Defendants' discretionary authority.

Even if the actions and omissions alleged in the Amended Complaint were within State Employee Defendants' discretionary authority, the Amended Complaint still alleges a violation of a clearly established constitutional right. Plaintiffs allege that State Employee Defendants committed various acts and omissions that denied Plaintiffs access to courts and violated Plaintiffs' due process rights. The facts alleged, which are assumed to be true for purposes of this Motion to Dismiss, are sufficient to allege a violation of Plaintiffs' constitutional rights to access to courts and substantive due process. These rights were clearly established at the time of the alleged acts and omissions. A reasonable official would have known that he or she could not

15

commit acts such as fabricating facts or knowingly filing false reports. Therefore, based on the face of the Amended Complaint, State Employee Defendants are not entitled to qualified immunity.

## VIII.   Defendants Chalu, Ober, and Hurd are not entitled to absolute prosecutorial immunity for purposes of this Motion to Dismiss.

State Employee Defendants argue that Defendants Chalu, Ober, and Hurd are entitled to prosecutorial immunity. As noted in the Amended Complaint, Mr. Chalu "was an assistant state attorney for the 13th Judicial Circuit of Florida," Mr. Ober "was the state attorney for the 13th Judicial Circuit of Florida," and Mr. Hurd "was an investigator with the Office of State Attorney." (Doc. 3 ¶¶ 101, 110, 119). Prosecutors are entitled to receive absolute immunity when they perform "prosecutorial functions." *Long v. Satz*, 181 F.3d 1275, 1278 (11th Cir. 1999). A party may assert prosecutorial immunity on a Rule 12(b)(6) motion to dismiss, and a court must determine whether the activities alleged in the complaint are protected by absolute immunity. *Id.* at 1279. To determine whether prosecutorial immunity applies, courts use a "functional approach" and focus on "nature of the function performed." *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (citing *Forrester v. White*, 484 U.S. 219, 229 (1988)). A prosecutor does not receive prosecutorial immunity for "administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." *Id.* at 273.

Based on the face of the Amended Complaint, Defendants have not shown that they are entitled to prosecutorial immunity. Counts IX, X, and XI of the Amended Complaint contain allegations related to acts that Defendants Chalu, Ober, and Hurd took during an independent investigation of Kevin McGinley's death. The Amended Complaint makes allegations about Defendants Chalu, Ober, and Hurd's actions during their independent investigation, which are

16

"investigatory functions" that are not entitled to prosecutorial immunity. The Defendants have failed to show, based on the face of the Amended Complaint, that Defendants Chalu, Ober, and Hurd are entitled to prosecutorial immunity.

## IX.    Plaintiffs have failed to state a sufficient claim for conspiracy under either § 1983 or § 1985(3).

State Employee Defendants argue that Plaintiffs have failed to sufficiently plead their conspiracy claims under § 1983 and § 1985(3). To state a § 1983 claim for conspiracy, a plaintiff "must show that the parties reached an understanding to deny the plaintiff his or her rights. The conspiratorial acts must impinge upon the federal right; the plaintiff must prove an actionable wrong to support the conspiracy." *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1260 (11th Cir. 2010) (quoting *Bendiburg v. Dempsey*, 909 F.2d 463, 468 (11th Cir. 1990)) (internal quotation marks omitted). A complaint that contains vague and conclusory allegations of conspiracy is insufficient. *Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir. 1984). "In conspiracy cases, a defendant must be informed of the nature of the conspiracy which is alleged. It is not enough to simply aver in the complaint that a conspiracy existed." *Id.* at 557. Plaintiffs' Amended Complaint contains vague, general allegations of conspiracy. Plaintiffs have failed to identify specific acts in support of the conspiracy and have failed to allege an understanding among the plaintiffs. Further, the Amended Complaint contains almost identical conspiracy allegations in all of the counts against the various State Employee Defendants. Plaintiffs have therefore failed to state a sufficient claim for conspiracy under § 1983.

In order to state a claim for conspiracy in violation of § 1985(3), a plaintiff must show "'(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in

his [or her] person or property or deprived of any right or privilege of a citizen of the United

States.'" *Denney v. City of Albany*, 247 F.3d 1172, 1190 (11th Cir. 2001) (quoting *Lucero v.*

*Operation Rescue of Birmingham*, 954 F.2d 624, 627 (11th Cir. 1992)). Again, a court may

dismiss a complaint if it contains vague and conclusory allegations of conspiracy. *Gibbs v.*

*United States*, 865 F. Supp. 2d 1127, 1143 (M.D. Fla. 2012) (citing *Kearson v. S. Bell Tel. & Tel.*

*Co.*, 763 F.2d 405, 407 (11th Cir. 1985)). Further, in order to meet the second element of a claim

under § 1985(3), "the plaintiff must allege that the conspirators were motivated by 'racial, or

otherwise class-based, invidiously discriminatory intent.'" *Id.* (quoting *Almon v. Sandlin*, 603

F.2d 503, 505 (5th Cir. 1979)).

Plaintiffs' § 1985(3) conspiracy claims fail because the Amended Complaint contains

only general allegations of conspiracy and because Plaintiffs fail to allege that the conspiracy

was motivated by discriminatory intent based on a particular class. Additionally, Plaintiffs have

failed to allege specific acts "in furtherance of the conspiracy" on the part of State Employee

Defendants. Therefore, Plaintiffs' claims are not sufficient under the heightened pleading

requirement for § 1983 conspiracy claims. Because Plaintiffs have failed to state a claim for

conspiracy under § 1983 or § 1985(3), the Court grants State Employee Defendants' Motion to

Dismiss as to Count XXII.

## X.    The Amended Complaint does not contain a separate count alleging fraud, but Plaintiffs' allegations related to fraud are sufficient for purposes of this Motion to Dismiss.

State Employee Defendants argue that Plaintiffs have not sufficiently alleged a claim for

fraud against State Employee Defendants. Federal Rule of Civil Procedure 9(b) states, "In

alleging fraud or mistake, a party must state with particularity the circumstances constituting

fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be

18

alleged generally." "An action for fraud requires allegations of a false statement regarding a

material fact, knowledge of its falsity, the intention that the lie be acted upon, and injury to the

other party caused by reasonable reliance on the representation." *M.G.J. Indus., Inc. v.

Greyhound Fin. Corp.*, 801 F. Supp. 614, 617 (M.D. Fla. 1992). As Plaintiffs note in their

response to State Employee Defendants' Motion to Dismiss and/or Motion for Judgment on the

Pleadings, "[t]here is no separate cause of action for fraud in this case." (*See* Doc. 67, at 30). To

the extent that Plaintiffs' claims rely on allegations of fraudulent activities, Plaintiffs' claims in

the Amended Complaint are sufficient for purposes of this Motion to Dismiss. For example,

Plaintiffs allege that State Employee Defendants intentionally filed false and misleading reports

and that Plaintiffs were denied access to courts as a result of State Employee Defendants' actions.

These allegations are sufficient for purposes of this Motion to Dismiss.

## XI.    State Employee Defendants' alternative Motion for Judgment on the Pleadings is denied.

State Employee Defendants' Motion included an alternative Motion for Judgment on the

Pleadings. Judgment on the pleadings is appropriate "when there are no material facts in dispute,

and judgment may be rendered by considering the substance of the pleadings and any judicially

noticed facts." *Horsley*, 292 F.3d at 700. As noted earlier, the Court has taken judicial notice of

Judge Covington's order from the 2008 lawsuit, but the Court has not considered the other three

documents attached to Defendants' Answer. (*See* Doc. 4). As Plaintiffs assert in their response to

State Employee Defendants' Motion to Dismiss and/or Motion for Judgment on the Pleadings,

the other attached documents are not central to the complaint. (*See* Doc. 67, at 15–16). The Court

agrees because these other documents are not even mentioned in the Amended Complaint.

Further, Plaintiffs have questioned the documents' authenticity. After considering the pleadings,

the THI report, and the judicially noticed documents, the Court has determined that there are

material facts in dispute regarding the alleged actions and inaction of State Employee Defendants and regarding Plaintiffs' knowledge of these alleged actions and inaction. As such, the Court denies State Employee Defendants' alternative Motion for Judgment on the Pleadings. Accordingly, it is:

**ORDERED** that State Employee Defendants' Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART** and that State Employee Defendants' alternative Motion for Judgment on the Pleadings is **DENIED**. Specifically, Plaintiffs' claim for conspiracy under Count XXII of the Amended Complaint is dismissed without prejudice. Additionally, Plaintiffs' claims are dismissed to the extent that they allege violations of equal protection and procedural due process. These claims are also dismissed without prejudice. The Court denies State Employee Defendants' Motion to Dismiss as to the remaining counts.  The Plaintiffs shall have ten days from this date to file a second amended complaint if the Plaintiffs can do so within the requirements set out above and allege sufficient claims for the dismissed counts.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 26 day of March, 2013.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.

20